UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUGENE WEINER,

       Plaintiff,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC AND MTGLQ
INVESTORS, LP,

       Defendants.

C.A. No. 4:17-cv-40144

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Mr. Weiner lives at his home located at 108 Pratt Street, Fitchburg, Massachusetts. (Complaint at ¶ 4). He entered into a mortgage that was subsequently assigned to MTGLQ Investors Limited Partnership (MTGLQ) and serviced by Rushmore Loan Management Services, LLC (Rushmore) (collectively, Defendants). (Complaint, ¶¶ 10-11; ECF No. 8, pg. 3). Mr. Weiner subsequently defaulted on mortgage payments, and this case concerns the pre-foreclosure actions between the parties.

Specifically, Mr. Wiener received a letter from Rushmore dated June 27, 2017, which he alleges provided a 60-day deadline for him to respond and accept a modification offer by submitting some documents. (Complaint, ¶¶ 12-13). If correct, Rushmore provided a deadline that it knew or should have known was improper, as a foreclosure sale would be scheduled and held prior.

Among other things, the June 27 letter stated:

> Congratulations! We are excited to make you an offer for a modification program that is designed to make your mortgage payments more affordable and help you keep your home.

TO ACCEPT THIS OFFER
Provide documentation of your monthly income and expense information. If your mortgage payment to monthly income ratio is less than 35% and your total monthly expenses (including your mortgage payment) to monthly income ratio is less than 55%; you will be provided with modification terms, a three month trial plan with a new principal balance of $125,000 and an estimated monthly payment of $857.60. If you make all three payments successfully, we will permanently modify your mortgage loan!

TIME IS OF THE ESSENCE…
This modification program is based upon a valuation dated 05/16/2017. Please note that the estimated monthly payment assumes escrow amounts for taxes and insurance remain unchanged. As a part of this modification if you are not already escrowed, we will establish an escrow account for you. An escrow analysis will be complete once this offer is accepted. Tax and insurance amounts may adjust upwards or downwards based on this analysis. In the event we have not heard from you within 60 days from the date of this offer, you still may be eligible for this program; however a new valuation will be required. The estimate amount of debt forgiveness may change. All other terms of this offer would remain applicable.

(Complaint, Ex. A).

Mr. Weiner reasonably read this letter to state that documents were due within 60 days. No other deadlines appear anywhere in the letter, and Rushmore had a history of including specific deadlines in cover letters just like it did here.

In fact, prior to the June 27 letter, Rushmore had sent Mr. Weiner two solicitations to apply for a loan modification. The first, on September 9, 2016, included in the cover letter a request that the application documents be received within 15 days. (**Exhibit A**).[1] The second, on October 4, 2016, included in the cover letter a request that the application documents be received by October 20, 2016. (**Exhibit B**). Finally, this June 27 letter included in the cover letter a request that the documents be received within 60 days.

Defendants do not propose any alternative reading of this cover letter. Instead, they rely entirely on language contained on page twenty-one (21) of the document. This language states:

---

[1] Pursuant to Fed. R. Civ. P. 12(d), the Court may consider the Exhibits annexed to this Opposition, as Defendants' Motion to Dismiss included matters outside of the Complaint.

**WHAT IF MY PROPERTY IS SCHEDULE FOR A FORECLOSURE SALE?**

- In general, we will not evaluate a Borrower Assistance Application that is submitted shortly before a scheduled foreclosure sale date. This means that, in general, in order for your Application to be evaluated, your <u>complete</u> Borrower Assistance Application must be received by Rushmore:
  - o **For HAMP eligible loans: at least 7 business days prior to the scheduled foreclosure sale date**
  - o **If the property is in California, Minnesota, Nevada or Washington and is your primary residence: at least 7 business days prior to the scheduled foreclosure sale date**
  - o **For all other loans: at least 38 calendar days prior to the scheduled foreclosure sale date**
- **If a foreclosure sale is pending but there is no specific date scheduled for the sale, a court with jurisdiction over the foreclosure or a public official charged with carrying out the sale may not halt the sale even if we approve you for a foreclosure alternative prior to the sale.**

(EFC No. 8, Ex. 10) (emphasis in original). As explained below, there are two obvious issues with this language, including: (1) that there's no obvious conflict between these two passages and (2) that even if there were a conflict, Mr. Wiener would have had no way to know about it at the time. Notice of the foreclosure sale wasn't published until July 24, 2017 (ECF No. 8, Pg. 5), at which point the purported 38-day deadline would have already run. In fact, as explained below, acceptance of Defendants' arguments would result in a seven (7) day deadline, which is nowhere supported, suggested, or implied in this document.

## I.      LEGAL STANDARD

On a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). To survive, a complaint must merely state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even

if doubtful in fact) . . . The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Bosque v. Wells Fargo Bank, N.A.*, 762 F. Supp. 2d. 342, 350 (D. Mass. 2011) (citations and quotations omitted). Alternatively, dismissal is appropriate only where the well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir.2008) (citation omitted).

## II.    ARGUMENT

Mr. Wiener has filed a four-count complaint against the Defendants in this action. However, Counts 1 and 2 essentially involve the same facts, and Counts 3 and 4 essentially involve the same facts. Accordingly, there are predominately two issues in this case: (1) the June 27 letter from Rushmore to Mr. Wiener, and (2) the pre-foreclosure affidavits signed by Rushmore as power of attorney for MTGLQ. Each of those issues will be discussed below, respectively.

### A.   The June 27 Letter Was False, Deceptive, Or Misleading In Violation of the Fair Debt Collection Practices Act.

Defendants' Motion to Dismiss correctly identifies three elements necessary for a viable claim under the Fair Debt Collection Practices Act (FDCPA). Specifically, Defendants stated that a "viable claim for violation of the FDCPA requires that a plaintiff establish three elements: (1) that [he] was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or omission prohibited by the FDCPA." *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014) (citations and quotations omitted). Because Defendants explicitly limited their Motion to Dismiss to the third element, Mr. Weiner need not now address the first two.

Mr. Wiener alleges that the June 27 letter violated the FDCPA because it was false, deceptive, or misleading in violation of 15 U.S.C. § 1692e. Specifically, he alleges that the letter provided for a 60-day deadline to respond. However, he alleges that Defendants knew or should have known at that time that a foreclosure sale would occur prior to that 60-day deadline. Defendants' Motion to Dismiss does not argue that such an improper deadline wouldn't run afoul of the FDCPA. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717 (5th Cir. 2013) (denying motion to dismiss by a mortgage servicer who encouraged a homeowner to apply timely for a mortgage modification, but when the due date was after a foreclosure sale was scheduled).

Instead, Defendants solely allege that Mr. Wiener's reading of the June 27 letter is "chimerical" and "far-fetched" and that the case should be dismissed on that basis. As explained below, though, Mr. Weiner's interpretation of the letter is entirely reasonable.

The FDCPA "was not made for the protection of experts, but for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous . . . and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168, 1173 (11th Cir. 1985).

The operative consumer viewpoint from which FDCPA cases such as this should be judged has traditionally been referred to as a "least sophisticated consumer" standard. While courts that adopt this standard generally include an element of reasonableness, this Circuit has adopted a "hypothetical unsophisticated consumer" standard due to grammar concerns. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 n.4 (1st Cir. 2014). Otherwise, if taken literally, the "least sophisticated consumer" would be "the very last rung on the sophistication latter" and would potentially include consumers who lack any reading comprehension skills. *Gammon v. GC*

5

*Services*, 27 F.3d 1254, 1257 (7th Cir. 1994). The different terminology, though, is merely a matter of semantics and there is little difference between the two. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 n.4 (1st Cir. 2014).

In this case, Mr. Weiner alleges that Defendants violated the FDCPA by suggesting that he could timely apply for a loan modification within 60 days when it knew or should have known that that was inaccurate.  Among other things, the June 27 letter stated:

> Congratulations! We are excited to make you an offer for a modification program that is designed to make your mortgage payments more affordable and help you keep your home.
>
> TO ACCEPT THIS OFFER
> Provide documentation of your monthly income and expense information. If your mortgage payment to monthly income ratio is less than 35% and your total monthly expenses (including your mortgage payment) to monthly income ratio is less than 55%; you will be provided with modification terms, a three month trial plan with a new principal balance of $125,000 and an estimated monthly payment of $857.60. If you make all three payments successfully, we will permanently modify your mortgage loan!
>
> TIME IS OF THE ESSENCE…
> This modification program is based upon a valuation dated 05/16/2017. Please note that the estimated monthly payment assumes escrow amounts for taxes and insurance remain unchanged. As a part of this modification if you are not already escrowed, we will establish an escrow account for you. An escrow analysis will be complete once this offer is accepted. Tax and insurance amounts may adjust upwards or downwards based on this analysis. In the event we have not heard from you within 60 days from the date of this offer, you still may be eligible for this program; however a new valuation will be required. The estimate amount of debt forgiveness may change. All other terms of this offer would remain applicable.

(Complaint, Ex. A).

Mr. Weiner reasonably read this letter to state that documents were due within 60 days. No other deadlines appear anywhere in the document, and Rushmore had a history of including specific deadlines in cover letters just like it did here.

Defendants do not propose any alternative reading of this cover letter. Instead, they rely entirely on language twenty-one (21) pages into the document, which they contend implicitly contradicts or limits Mr. Weiner's reading. This language states:

**WHAT IF MY PROPERTY IS SCHEDULE FOR A FORECLOSURE SALE?**
- In general, we will not evaluate a Borrower Assistance Application that is submitted shortly before a scheduled foreclosure sale date. This means that, in general, in order for your Application to be evaluated, your <u>complete</u> Borrower Assistance Application must be received by Rushmore:
  - **For HAMP eligible loans: at least 7 business days prior to the scheduled foreclosure sale date**
  - **If the property is in California, Minnesota, Nevada or Washington and is your primary residence: at least 7 business days prior to the scheduled foreclosure sale date**
  - **For all other loans: at least 38 calendar days prior to the scheduled foreclosure sale date**
- **If a foreclosure sale is pending but there is no specific date scheduled for the sale, a court with jurisdiction over the foreclosure or a public official charged with carrying out the sale may not halt the sale even if we approve you for a foreclosure alternative prior to the sale.**

(EFC No. 8, Ex. 10). There two obvious failings with Defendants' reliance on this language.

First, it would not be clear to a hypothetical unsophisticated consumer that this language conflicts in any way with the 60-day deadline. At the time Mr. Wiener received this letter, he had not been notified that a foreclosure sale was scheduled. He therefore had no basis to conclude that there was any conflict between these passages.

Second, even if Mr. Weiner was aware that this language might conflict with the 60-day deadline, it would have been impossible for him to determine what the actual deadline was. Notice of the foreclosure sale wasn't published until July 24, 2017 (ECF No. 8, Pg. 5), at which point the purported 38-day deadline would have already run. Only by knowing what the foreclosure date was could he be able to calculate the deadline.

The foreclosure date was August 14, 2017. As a result, Rushmore is now arguing that the deadline for Mr. Weiner to respond to the modification offer was July 7, 2017, which was 38

calendar days before the sale. Assuming that the June 27 modification offer took three days to arrive in the mail, this would have given Mr. Wiener a total of seven (7) days to respond (including the July 4th legal holiday). Nowhere does this document state or suggest anything close to a seven (7) day deadline. Moreover, it would be illogical to conclude that a hypothetical unsophisticated consumer would understand there to be a seven (7) day deadline. Any argument that Mr. Weiner's reading of the June 27 letter was "chimerical" or "far-fetched" is therefore baseless.

Moreover, it should be noted that Defendants' Motion to Dismiss fails to explain why it scheduled a foreclosure sale after Mr. Wiener had been offered a loan modification. Rushmore itself identifies this letter as a modification offer (**Exhibit C**), and distinguishes it from other traditional modification solicitations that had been sent previously. *See Palacios v. Ditech Financial, LLC*, C.A. No. 15-CV-14044-LTS (D. Mass. 2016) (denying Motion to Dismiss G.L. c. 93A claim where mortgage company offered a loan modification but then scheduled a foreclosure sale due to illegal dual-tracking).

Accordingly, Mr. Weiner has stated a plausible claim that the June 27 letter was false, deceptive, or misleading in violation of the FDCPA. Defendants' Motion to Dismiss should therefore be denied.

### B.  The June 27 Letter Was Unfair or Deceptive under the Massachusetts Consumer Protection Act.

The Second Count of Mr. Wiener's Complaint alleges that the June 27 letter was unfair and/or deceptive in violation of the Massachusetts Consumer Protection Act (MCPA) G.L. c. 93A, § 2. While this claim is also premised on the improper deadline issue briefed above, it is listed separately here in order to confirm that it is not a "per se" claim. That is, Mr. Wiener does

not allege that Defendants violated the MCPA merely because they violated the FDCPA. *See McDermott v. Marcus, Errico, Emmer & Brooks P.C.*, 775 F.3d 109 (1st Cir. 2014). Rather, Mr. Wiener contends that the same issues briefed above also – on their merits – constitute unfair or deceptive actions in violation of the MCPA.

Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

In this case, Mr. Weiner alleges that the above-referenced actions fall well-within this standard. Accordingly, he has stated a plausible claim that the June 27 letter was unfair and/or deceptive in violation of the MCPA. Defendants' Motion to Dismiss should therefore be denied.

### C.  Defendants Failed to Duly Record Affidavits under G.L. c. 244, §§ 35B and 35C.

In 2012, Massachusetts amended its state foreclosure laws to include G.L. c. 244, §§ 35B and 35C. These statutes were specifically enacted to benefit homeowners, as their stated purpose was to "prevent unnecessary foreclosures." *An Act Preventing Unlawful and Unnecessary Foreclosures*, St. 2012, c. 194 (Mass. 2012) (enacted). Each statute has a separate purpose. Under § 35B, certain mortgage loans may be entitled to a loan modification review that, if

approved, would prevent an otherwise unnecessary foreclosure. Under § 35C, creditors must also certify that the mortgagee is the holder of both the mortgage and the promissory note. Under both §§ 35B and 35C, a creditor must file an affidavit at the appropriate registry of deeds certifying compliance, prior to publishing a notice of a foreclosure sale.

In this case, Defendants have failed to duly record those affidavits. While both §§ 35B and 35C state that an affidavit can be signed by a "duly authorized agent" of the creditor, the regular non-foreclosure laws regarding real estate still apply. Specifically, G.L. c. 183, § 32 provides that the laws regarding acknowledgment and recording of deeds apply to powers of attorney. Accordingly, when a document filed with the registry of deeds is executed under a power of attorney, that power of attorney document must also be recorded at the registry. *Ramos v. Jones*, 2015 WL 653260 at 4, n.7 (Mass. Land. Ct. Feb. 12, 2015) ("[P]owers of attorney would have had to have been recorded in order to be effective with respect to the rights of any outside party.").

In this case, the affidavits filed by Defendants explicitly state that they were signed under a power of attorney recorded with the Southern Middlesex County Registry of Deeds. That is the wrong registry. The correct Registry of Deeds for Mr. Weiner's property is the Northern Worcester County Registry of Deeds. *See* G.L. c. 183, § 4 (documents must be "recorded in the registry of deeds for the county or district in which the land to which it relates lies."). Accordingly, Mr. Weiner has asserted that the affidavits were not duly recorded. (Complaint at ¶¶ 52-67).

Defendants have asserted three failing counter-arguments on this point. First, they argue that the power of attorney didn't need to be recorded. Next, they argue that the power of attorney was actually recorded correctly, even though the affidavits failed to say so. Finally, they argue

that the Court should accept the fiction that Rushmore signed the affidavits in its capacity as a mortgage servicer, even though the affidavits explicitly state otherwise. Each of these failing counter-arguments will be addressed below, respectively.

### 1. Rushmore Was Required to Record Its Power of Attorney.

Over the past several years, there has been significant litigation in the field of foreclosure law regarding which foreclosure statutes require strict compliance versus mere substantial compliance. Earlier this year, the Supreme Judicial Court clarified the status of this law in *Turra v. Deutsche Bank Trust Company Americas,* 476 Mass. 1020 (2017). In *Turra*, the SJC held that strict compliance is required with regard to actions that are both: (1) taken by the foreclosing party that are part of the foreclosure process and that occur prior to the actual foreclosure, and (2) between the mortgagee and mortgagor, where a potential harm to the mortgagor might exist if the mortgagee fails to strictly comply.

To date, counsel for Mr. Weiner is unaware of any binding precedent regarding the necessary level of compliance required under the provisions of §§ 35B or 35C. However, it seems clear that each of these statutes meet both prongs of *Turra*. First, both statutes specifically set out a requirement that the affidavits in issue must be recorded before a notice of foreclosure sale can be published. Second, the statutes directly govern the relationship between the parties and Mr. Weiner certainly faces a potential risk of harm if §§ 35B or 35C are not complied with. As previously stated, the explicit purpose of these statutes are to prevent unnecessary foreclosures. And the specific purpose of the affidavits at issue is to ensure that those statutes are complied with.

Moreover, the case law on this issue supports Mr. Weiner's argument. In *Afridi v. Residential Credit Solutions,* 189 F. Supp. 3d 193 (D. Mass. 2016), the U.S. District Court for

the District of Massachusetts held that the failure of a foreclosing mortgagee to record an affidavit from a duly authorized agent under § 35B may strip it of standing to foreclose. In that case, as here, a purported affidavit had been recorded at the appropriate registry of deeds, but it was signed by a third party under a power of attorney that had not been recorded at that same registry of deeds. This case presents essentially the same issue. As in that case, the Defendants here essentially rely on an implicit substantial compliance argument.

In fact, Defendants' first argument asserts that *no compliance* with §§ 35B and 35C was required because the affidavits were notarized under G.L. c. 183, § 54B. This argument is entirely misplaced. Section 54B provides that when certain documents are signed before a notary public they "shall be binding upon such entity and shall be entitled to be recorded, and no vote of the entity affirming such authority shall be required to permit recording." The statute stands for the proposition that when a document is signed on behalf of a business entity, a corporate resolution providing the signatory with authority to bind the company is not needed. Accordingly, "The statute binds only the entity making and recording the [document], if such action has been made in compliance with its provisions. The statute does not bind any other party that has standing to contest [its] validity." *Wells Fargo Bank, N.A. v. Anderson*, 89 Mass. App. Ct. 369, 371 (2016).

In this case, both of the affidavits at issue were signed Barkley Sutton, who purported to be an Assistant Vice President with authority to bind Rushmore. If Mr. Weiner were alleging that Mr. Sutton didn't have authority to sign these documents for Rushmore, then § 54B would be applicable, since both documents appear to be notarized. However, that is not what Mr. Weiner is arguing. Instead, Mr. Weiner argues that Rushmore itself, did not have the requisite authority to sign these documents as a duly authorized agent of MTGLQ under G.L. c. 244, §§ 35B and

35C, because the power of attorney was not recorded (or not within the chain of title for his property) under G.L. c. 183, § 32. If Defendants' arguments to the contrary are accepted by the Court, it would render G.L. c. 183, § 32 superfluous.

The purpose of § 54B is to make the process for recording corporate documents easier, and to prevent potentially frivolous claims regarding the same. Essentially, the idea is that a notary public's responsibility is to confirm the identity and authority of a signor, and therefore so long as a document is notarized it is binding on the entity the signor represents, and no further evidence of authority is needed. Such a document, the statute says, "shall be binding upon such entity and shall be entitled to be recorded, and no vote of the entity affirming such authority shall be required to permit recording." As a result, certificates of authority do not need to be recorded along with every document signed by a person on behalf of an entity.

Defendants erroneously rely on dicta taken out of context from *Clockedile v. U.S. Bank Trust, N.A.*, 189 F. Supp. 3d 312 (D. Mass. 2016) on this point. In *Clockedile*, the Court's dicta suggests that the recording of a power of attorney under § 54B is not required, but rather permissible because the statute merely states that they "shall be entitled to be recorded." Respectfully, this reading would render G.L. c. 183, § 32 superfluous and, when viewed in context in the statute, is not what the plain language of the statute says. Rather, the statute plainly states that such a document may be recorded *without a certificate of authority* from the signing entity.

As a result, § 54B plainly does not apply to this circumstance and the affidavits directly show that there was no duly recorded power of attorney for purposes of G.L. c. 244, §§ 35B and 35B, and G.L. c. 183, § 32.

**2.    Defendants Cannot Rely On An Unidentified Document Outside The Chain Of Title.**

Defendants next cite to a previously unidentified power of attorney that is outside the chain of title to Mr. Weiner's property. While this power of attorney was recorded at the Northern Worcester County Registry of Deeds, it is not Mr. Weiner's burden to sift through the hundreds of other recorded powers of attorney looking for a potential needle in a haystack, particularly when the purported source of authority to sign the power of attorney in this case was plainly stated on the document itself. The documents at issue in this case plainly state that they were signed pursuant to a power of attorney "recorded with Middlesex South Registry of Deeds in Book 66837, Page 131." (Complaint, Ex. G, Ex. H).

Accordingly, there should be no doubt that the document relied upon by Defendants is outside the chain of title for Mr. Weiner's property, and cannot be relied upon.

**3.    Rushmore Did Not – And Could Not – Sign The Affidavits In Its Authority As A Mortgage Servicer.**

Finally, and perhaps most creatively, Defendants argue that the Court should accept the fiction that Rushmore signed the affidavits at issue in its role as a mortgage servicer, under the assumption that no power of attorney would then be required. This argument fails on two counts.

First, the documents plainly state that they were signed by "MTGLQ Investors, LP by Rushmore Loan Management Services, LLC, Its Appointed Attorney in Fact." (Complaint, Ex. G, Ex. H). The affidavits further identify Mr. Sutton as, "An officer or employee of duly authorized agent of Foreclosing Mortgagee, under a Power of Attorney which is still in full force and effect as of the date hereof." *Id*. The plain language of these documents leave no doubt that Rushmore executed the documents in its capacity as a purported power of attorney, and not as a mortgage servicer.

Moreover, Rushmore did not have the authority to sign these affidavits in its capacity as a mortgage servicer. Both §§ 35B and 35C speak in terms of publishing a notice of foreclosure sale. Section 35B states that "A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure." Section 35C states that "A creditor shall not cause publication of notice of foreclosure, as required under section 14, when the creditor knows or should know that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder."

In this case, the "creditor" who published the notice of sale was MTGLQ (ECF No. 8, Ex. 9).  As a result, it was MTGLQ who needed to file the requisite affidavits under §§ 35B and 35C. It purportedly sought to accomplished this by filing documents signed by Rushmore, in its capacity as an authorized agent under a power of attorney. If this were otherwise, then MTGLQ would be admitting that it didn't file these affidavits and therefore didn't have the authority to publish the notice of sale.

Accordingly, Mr. Weiner has a plausible claim for relief and Defendants' Motion to Dismiss should be denied.

## III.     CONCLUSION

For the foregoing reasons, Mr. Weiner respectfully requests that the Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

Plaintiff,
Eugene Weiner
By counsel,


/s/ Christopher M. Brine
Christopher M. Brine (BBO 679289)
Brine Consumer Law
100 Grove Street, Suite 210
Worcester, MA 01605
P – (508) 556-1899
F – (508) 556-9951
cmb@brineconsumerlaw.com

November 27, 2017

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher M. Brine, certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Christopher M. Brine
Christopher M. Brine (BBO 679289)



P.O Box 55004
Irvine, CA  92618
888.504.6700 toll free
949.341.2200 fax
**www.rushmorelm.com**



**EXHIBIT**
**A**

7600384604*LM236 N1¦1

September 09, 2016

Eugene Weiner
108 Pratt St
Fitchburg, MA 01420 4188
*

Loan No.: 7600384604
Property Address: 108 Pratt Street
Fitchburg MA 01420

Dear Eugene Weiner :

Rushmore Loan Management Services (Rushmore) understands that
you may be experiencing a temporary or long-term hardship and
need help. Rushmore wants to assist you with possible loss
mitigation options that may be available to you. Depending on
your specific loan and circumstances, these options may include,
but are not limited to, the following: repayment plan, forbearance,
loan modification, short sale or deed in lieu of foreclosure.

All Borrowers:
  * Complete, sign and return the Borrower Assistance Application and,
    if applicable, the Third Party Authorization Form, any Non-Borrower
    Contribution Letter and a Credit Report Authorization for the Non-
    Borrower Contributor as instructed. the most recent calendar year.
  * Send all required supporting documents (such as paystubs,
    bank statements, tax returns) for all Borrowers and Non-
    Borrower Contributor.
  * Send all these documents to Rushmore in one of the following
    ways:

                    By Mail:
                    Rushmore Loan Management Services LLC
                    15480 Laguna Canyon Road, Suite 100
                    Irvine, CA  92618
                    Attention:  Home Retention
                    By Secure Fax: 949 -341 2238

  * Keep a copy of all submitted documents for your records.

Since time is of the essence in this matter, we ask that you provide us
with all the requested information and/or documentation within 15 days of
the date of this letter.

HOW LONG WILL THE REVIEW PROCESS TAKE?
  * We will confirm receipt of your Borrower Assistance Application in
    writing within five (5) business days after receipt.



**LENDER**



P.O Box 55004
Irvine, CA  92618
888.504.6700 toll free
949.341.2200 fax
**www.rushmorelm.com**

    * We will let you know if any information or documents are missing and
      how much time you have to provide the missing information to us.
    * We will evaluate you for all loss mitigation options available for
      your loan and circumstances once your Borrower Assistance Application
      is complete.
    * We will let you know in writing within 30 calendar days from the
      date your Borrower Assistance Application is complete, if any,
      options are available to you.

Should you have any questions regarding this matter, please contact the
undersigned at (888) 504-7300.

Sincerely,


Home Retention Department
Rushmore Loan Management Services LLC
LM236 057 2RB



EQUAL HOUSING
**LENDER**



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

# Checklist

**We need the following documents in order to expedite your modification review:**

**All Borrowers:**
- [ ] A complete, signed, financial statement from all parties obligated on the loan
- [ ] Last two (2) months' paystubs for each person obligated on the loan
- [ ] Last two (2) months' bank statements for each contributing borrower
- [ ] A copy of your federal tax return for the most recent calendar year
- [ ] Proof of funds for contribution amount (e.g., bank statements, 401(K), IRA account, etc.)
- [ ] Proof of monthly Homeowners' Association Dues (if applicable)
- [ ] Fixed Income Award letter, and last two (2) months' proof of deposits (e.g., SSI, pension, disability, etc.)

**If Self-Employed:**
- [ ] Last Two (2) years' signed federal tax returns including 1099s, K-1s, 1120s, and/or 1065s
- [ ] Last Six (6) months' Profit and Loss Statement
- [ ] Last Six (6) months' bank statements for self-employed borrower(s)

**Non-Borrowers:**
If a non-borrower (such as a child, spouse or non-relative) contributes money towards the mortgage payment and/or household expenses:
- [ ] Signed letter from non-borrower stating monthly contribution amount
- [ ] A letter of authorization to obtain a credit report on all contributing non-borrowers
- [ ] Last two (2) months' paystubs for each contributing non-borrower
- [ ] Last Three (3) months' bank statements for each contributing non-borrower

**If your loan is not currently escrowed for taxes and/or insurance:**
- [ ] A copy of your property hazard insurance declaration page (contact your insurance agency)

**If you own rental properties:**
- [ ] Copy of all lease agreements
- [ ] Two (2) months' proof of deposits from rental income
- [ ] Amount of mortgage payment (total including taxes and insurance)

***Note: Any expenses disclosed must be validated with supporting documents (e.g. Alimony, Child Support, Liens, and Judgments)***

If you have any questions or concerns regarding this checklist, please contact our office toll free at 1-888-504-7300, Monday through Thursday from 6:00am to 7:00pm, and Friday from 6:00am to 6:00pm Pacific Time.

Revised :10/17/2014



**This completed Borrower Assistance Application and all required documentation must be sent to one of the following locations:**

| **Mail**: Attn: Loss Mitigation<br>Rushmore Loan Management Services LLC<br>15480 Laguna Canyon Road<br>Irvine, CA 92619 | **Secure Fax**: 949-341-2238 |
| --- | --- |

**Questions**: Call us at 888-504-7300 M-Th 6:00 am PST to 7:00 pm PST or
F 6:00 am PST to 6:00 PST.

## BORROWER ASSISTANCE APPLICATION

If you are experiencing a temporary or long-term hardship and need help, you must complete and submit this application along with other required documentation to be considered for available options.   You must disclose information about (1) your intentions to either keep or transition out of the property; (2) the property's status; (3) bankruptcy; and (4) your credit counseling agency or representative, if any.

You must disclose information about your income, expenses and assets.  This application also lists the required income documentation that you must submit in support of your request for assistance. You must also complete the Hardship Affidavit in which you disclose the nature of your hardship. The Hardship Affidavit informs you of the required documentation that you must submit in support of your hardship claim.

When you sign and date this application you will make certain certifications, representations and agreements, including certifying that the information you provide in the application is accurate and truthful and that the identified hardship has contributed to your need for mortgage relief.

*This application requires a completed and signed IRS Form 4506-T, the required income documentation, the required hardship documentation, a signed and completed Dodd-Frank Certification and, if applicable, a completed and signed Non-Borrower Contribution form*

Loan Number: _____ (found on your monthly mortgage statement)

I want to:   ○ Keep the property ○ Vacate the property ○ Sell the property ○ Undecided
If you wish to keep the property, for how long? _____
The property is currently: ○ My primary residence ○ A second home
                          ○ An investment property
The property is currently: ○ Owner occupied ○ Renter occupied ○ Vacant

## CONTACT INFORMATION

**Borrower**

**Co-Borrower**

| | |
|---|---|
| Borrower Name:_____ | Co-Borrower Name:_____ |
| SSN _____ DOB _____ | SSN _____ DOB_____ |
| Home Phone # (  )<br>Best time to call: | Home Phone # (  )<br>Best time to call: |
| Cell/Mobile Phone # (  )<br>Best time to call: | Cell/Mobile Phone # (  )<br>Best time to call: |
| Email:_____ | Email:_____ |

◯ My primary language is Spanish.  This information will be used to assign you a Spanish-speaking representative when available after your application is received.  *Mi lengua principal es el español.  Esta información sera utilizada para asignar un representante que hable español cuando este disponible después que su aplicación ha sido recibida.  Llámenos al teléfono indicado si necesita ayuda para completar esta aplicación.*

Mailing Address:_____

Property Address (if the same as mailing address, just write "same")

Have you contacted a credit counseling agency? ◯ Yes   ◯ No
If yes, provide counselor contact information:
Agency Name: _____    Counselor Name: _____
                                Counselor Phone #: _____
                                Counselor email: _____
Rushmore may contact this agency about my Loan. ◯ Yes ◯ No

Do you have a lawyer or other representative we should contact about this application?
◯ Yes ◯ No
If yes, provide contact information:
Law Firm Name (if any): _____    Representative Name: _____
                                        Phone #: _____
                                        Email: _____

Rushmore should only contact this representative about my Loan. ◯ Yes ◯ No

## PROPERTY INFORMATION

Estimated Market Value of the property    $_____

Is the property listed for sale?    ◯ Yes ◯ No  If yes, what was the listing date?

Have you received an offer on the property? ◯ Yes ◯ No
Date of Offer:_____         Amount of Offer $_____
Agent's Name: _____         Agent's phone #: _____
For Sale by Owner ◯ Yes    ◯ No

Do you have condominium or homeowner association (HOA) fees? ◯ Yes ◯ No
Total monthly amount   $ _____
Name and Address that fees are paid to:_____

_____

Who pays the real estate tax bill on the property? ◯ I/we do ◯ Servicer does
Are the taxes current? ◯ Yes ◯ No

Who pays the homeowners insurance policy on the property? ◯ I/we do ◯ Servicer does
Is the policy current? ◯ Yes ◯ No   Name of Insurance Company: _____
                                     Insurance Company Phone #: _____

Are there any liens/other mortgages or judgments on the property? ◯ Yes ◯ No
If yes, provide :
Lien holder/Servicer name: _____     Phone #: _____
Balance Amount: $_____     Monthly payment amount: $_____
Lien holder/Servicer name:_____     Phone #: _____
Balance Amount: $ _____     Monthly payment amount: $_____
Lien holder/Servicer name:_____     Phone #: _____
Balance Amount: $_____     Monthly payment amount: $_____

## MORTGAGE INFORMATION

Has the mortgage on your property ever had a Home Affordable Modification Program (HAMP) trial
period plan or permanent modification? ◯ Yes ◯ No
Has the mortgage on any other property that you or any co-borrower own had a permanent HAMP
modification? ◯ Yes ◯ No

Have you or the co-borrower filed bankruptcy? ⃝ Yes ⃝ No
⃝ Chapter 7 ⃝ Chapter 11 ⃝ Chapter 12 ⃝ Chapter 13

Has the bankruptcy been discharged? ⃝ Yes ⃝ No   Bankruptcy Case No. :
Has/was the mortgage on the property been reaffirmed? ⃝ Yes ⃝ No ⃝ Don't know

If you have or will receive a discharge from a bankruptcy and the mortgage was not reaffirmed in the case, we will only exercise our rights against the property and are not attempting any act to collect the discharged debt from you personally.  Your decision to discuss workout options with us is strictly voluntary.  You are not obligated to pursue any workout option discussed with us.  At your request, we will immediately terminate any such discussions should you no longer wish to purse these options to retain your property.

## SERVICE MEMBERS

Is any borrower an active duty service member? ⃝ Yes ⃝ No
If yes, has any borrower been deployed away from his/her primary residence or received a permanent Change of Station order? ⃝ Yes ⃝ No
Is any borrower the surviving spouse of a deceased service member who was on active duty at the time of death? ⃝ Yes  ⃝ No

## EMPLOYMENT INFORMATION

**Borrower**

Company Name: _____   Start Date: _____
Job Title: _____

**Co-Borrower**

Company Name: _____   Start Date: _____
Job Title: _____

## OTHER PROPERTY FOR WHICH ASSISTANCE IS REQUESTED

**Complete this section ONLY if you are requesting mortgage assistance for a property that is not your principal residence.**

I am requesting mortgage assistance with a rental property that is not your principal residence. ?
◯ Yes   ◯ No

I am requesting mortgage assistance with a second or seasonal home: ◯ Yes   ◯ No

If "Yes" to either, I want to:  ◯ Keep the property ◯ Sell the property

Property Address:_____ Loan Number: _____

Do you have a second mortgage on the property? ◯ Yes ◯ No

If "yes": Service Name:_____ Loan Number:_____

Do you have condo or Homeowner's association (HOA) fee? ◯ Yes  ◯ No

If "Yes": Monthly Fee: _____ Are HOA fees current? ◯ Yes ◯ No

Name and address fees are paid to:_____

Does your mortgage payment include taxes and insurance? ◯ Yes  ◯ No

If "NO": Are taxes and insurance paid and current? ◯ Yes  ◯ No

Annual Homeowner's Insurance:_____ Annual Property Taxes:_____

◯ Vacant and available for rent
◯ Occupied by a tenant as their principal residence
◯ Other:_____

If rental property is occupied by a tenant:

◯ Term / Lease of Occupancy: MM/DD/YYYY-
MM/DD/YYYY:_____
◯ Gross Monthly Rent:_____

If rental property is vacant, describe efforts to rent
property:_____

If applicable, describe relationship and duration of non-rent paying occupant of rental property:
_____

Is the property for sale? ◯ Yes ◯ No  If "Yes" Listing Agent
Name:_____

Listing Agent Phone #:_____

Listing Date: _____ Have you received purchase offer? ◯ Yes  ◯ No

Amount of Offer:_____ Closing Date:_____

## RENTAL PROPERTY CERTIFICATION

**You must complete this certification if you are requesting mortgage assistance with respect to a rental property.**

_____ By checking this box and initialing below, I am requesting a mortgage modification under MHA with respect to the rental property described in this section and I hereby certify under penalty of perjury that each of the following statements is true and correct with respect to that property:

1. I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period.

Note: The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspaper, websites, or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

2. The property is not my secondary residence and I do not intent to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein.

Note: The Term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

3. I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) exclusive of
my primary residence.

**Notwithstanding the residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**

This certificate is effective on the earlier of the date listed below or the date the RMA is received by you servicer.

Initials: _____   Borrower: _____   Co-Borrower: _____

## FINANCIAL INFORMATION

**Borrower**

| Monthly Income | | Borrower Assets | |
|---|---|---|---|
| Gross Wages | $ | Checking Account | $ |

| Overtime | $ | Checking Account | $ |
|---|---|---|---|
| Child support/alimony* | $ | Savings/money market | $ |
| Non-taxable Social Security/SSDI | $ | Stocks/bonds/CDs | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ | Expected assets (e.g., inheritance, tax, returns, etc.) | $ |
| Tips, commissions, bonus and self-employment income | $ | Total amount in additional assets (e.g. trusts) | $ |
| Rents received | $ | Other real estate owned (estimated value) | $ |
| Unemployment income | $ | Retirement | $ |
| Food stamps/welfare | | Other cash on hand | |
| Other | | Other | |

**Co-Borrower**

Monthly Income                                        Borrower Assets

| Gross Wages | $ | Checking Account | $ |
|---|---|---|---|
| Overtime | $ | Checking Account | $ |
| Child support/alimony* | $ | Savings/money market | $ |
| Non-taxable Social Security/SSDI | $ | Stocks/bonds/CDs | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ | Expected assets (e.g., inheritance, tax, returns, etc.) | $ |
| Tips, commissions, bonus and self-employment income | $ | Total amount in additional assets (e.g. trusts) | $ |
| Rents received | $ | Other real estate owned (estimated value) | $ |
| Unemployment income | $ | Retirement | $ |
| Food stamps/welfare | | Other cash on hand | |
| Other | | Other | |

*Child Support, alimony, separation maintenance need not be disclosed if you do not want it considered in support of your Loan payments.

**Monthly Household Expenses**

| First Mortgage | $ | Electric | $ |
|---|---|---|---|
| Second Mortgage | $ | Gas | $ |
| Homeowner's Insurance* | $ | Trash | $ |
| Property Taxes | $ | Cable | $ |
| HOA/Cond Fees/property maintenance | $ | Cell phone | $ |
| Student Loan (if not deferred) | $ | Food | $ |
| Car Payment | $ | Clothing | $ |
| Credit Cards/Other Installment Loans (minimum monthly payment) | $ | Out of pocket medical/dental expenses | $ |
| Car Expense/Gas | $ | Life Insurance | $ |
| Alimony/ Child Support Payments | $ | Mortgage Payments on other properties | $ |
| | | Other | |

**If you want Rushmore to consider Non-Borrower/Contributor Income (a person who resides in the property or contributes to household income but is not a listed Borrower on the Loan), please submit a completed and signed Non-Borrower Contribution form with this application.**

## REQUIRED INCOME DOCUMENTATION

Please refer to the Checklist included in this package

Borrower Assistance                           7                           Rev 2/09/14

*Any income documentation that you submit as part of your Borrower Assistance Application should be dated within 90 days of the time documentation is received by Rushmore.*

*Additional documentation may be required if income not supported.*

| HARDSHIP AFFIDAVIT |
|:---:|

I (we) are having difficulty or expect to have difficulty making monthly mortgage payments because of the reason(s) set forth below. *Please check the primary reason and submit the required documentation demonstrating your primary hardship.*

**If your Hardship Is:**

**Then the required documentation is:**

| | |
|---|---|
| ◯ Unemployment | Please state dates of unemployment. |
| ◯ Reduction in Income: a hardship that has caused a decrease in your income due to circumstances beyond your control (e.g., reduction in overtime or regular working hours, reduction in base pay) | Provide a written description of your circumstances on the attached hardship letter. |
| ◯ Increase in Housing Expenses: a hardship that has caused an increase in your housing expense due to circumstances beyond your control | Provide a written description of your circumstances below or on the attached hardship letter: |
| ◯ Divorce or legal separation; separation of borrowers unrelated by marriage, civil union or domestic partnership | One of:<br>• Divorce decree<br>• Separation Agreement<br>• Current credit report evidencing divorce, separation or non-occupying borrower has different address<br>• Recorded quitclaim deed evidencing that non-occupying borrower has relinquished rights to the property |
| ◯ Death of a borrower of death of a primary or secondary wage earner in the household | Either:<br>• Death certificate<br>• Obituary or newspaper article reporting |

| | the death |
|---|---|
| ◯ Long-term or permanent disability; serious illness of a borrower or dependent family member | One of: <br>• Proof of monthly insurance benefits or government assistance, if applicable <br>• Written statement or other documentation verifying disability or illness <br>• Doctor's certificate of illness or disability <br>• Medical Bills <br>*None of the above shall require providing detailed medical information* |
| ◯ Disaster (natural or man-made) adversely impacting the property or a borrower's place of employment | One of: <br>• Insurance claim <br>• Federal Emergency Management Agency grant or Small Business Administration loan paperwork <br>• Proof of borrower or employer property located in a declared disaster area |
| ◯ Distant employment transfer/relocation | **For active duty service members**: Note of Permanent Change of Station (PCS) or actual PCS orders <br><br>**For employment transfers/new employment**: <br>One of: <br>• Copy of signed offer letter/employer notice showing employment location <br>• Pay-stub from new employer <br>• if none of the above, written explanation <br>Also provide documentation showing any relocation assistance |

| | |
|---|---|
| ◯ Business Failure | Tax Return from previous year (with schedules) AND<br>Proof of business failure supported by one of the following:<br>• Bankruptcy filing for business<br>• 2 months recent bank statements for business account evidencing cessation of business activity<br>• Most recent signed and dated quarter or year to date profit and loss statement |
| ◯ Other | Provide a written description of hardship below and any relevant documentation: |

## INFORMATION FOR GOVERNMENT MONITORING PURPOSES

For federal government programs, the following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race or sex, the lender or service is required to note the information on the basis of visual observation or surname if you have made a request of loan modification in person. If you do not wish to furnish this information indicate below.

| **Borrower** ○ I do not want to furnish this information | **Co-Borrower** ○ I do not want to furnish this information |
|---|---|
| Ethnicity ○ Hispanic/Latino<br>○ Not Hispanic/Latino | Ethnicity ○ Hispanic/Latino<br>○ Not Hispanic/Latino |
| Race  ○ American Indian/Alaska Native<br>○ Asian<br>○ Black/African American<br>○ Native Hawaiian/Other Pacific<br>Islander<br>○ White | Race  ○ American Indian/Alaska Native<br>○ Asian<br>○ Black/African American<br>○ Native Hawaiian/Other Pacific<br>Islander<br>○ White |
| Sex  ○ Female<br>○ Male | Sex  ○ Female<br>○ Male |

I certify, acknowledge and agree as follows:

1. All information in this Borrower Assistance Application is truthful and the hardship I have identified as contributed to my need for mortgage relief.
2. The accuracy of my statements may be reviewed by Rushmore, the loan owner or guarantor of my loan, their agents or an authorized third party*, and I may be required to provide additional supporting documentation.
3. Knowingly submitting false information may violate federal and other applicable law.
4. If I have intentionally defaulted on my existing mortgage loan, engaged in fraud or misrepresented any fact(s) in connection with this application or if I do not provide all required documentation, Rushmore may cancel any mortgage relief granted and may pursue foreclosure on my property and/or pursue any available legal remedies.
5. Rushmore is not obligated to offer me assistance based solely on the representations in this application or other documentation submitted in connection with my requested.
6. I may be eligible for a trial plan, repayment plan or forbearance plan.  If I am eligible for one of these
   a. All the terms of this Acknowledgement and Agreement are incorporated into such plan.
   b. My first timely payment under the plan will serve as acceptance of the terms set forth in the plan sent by Rushmore.
   c. Rushmore's acceptance of any payment under the plan will not be a waiver of any acceleration of my loan or foreclosure action that has occurred and will not cure my default unless such payments are sufficient to completely cure my entire default under my loan.
   d. Payments due under a trial plan for modification generally require escrow amounts.  If I was not previously required to pay escrow amounts and my trial plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior waiver is revoked. Payments due under a repayment plan or forbearance plan may or may not contain escrow amounts.  If I was not previously requirement to pay escrow amounts and my repayment plan for forbearance plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior escrow waiver is revoked.
7. A condemnation notice has not been issued for the property.
8. Rushmore may obtain a current credit report on all borrowers obligated on the Note.
9. Rushmore or my designated representative or counseling agency will collect and record personal information that I submit in or related to this application and during the evaluation process.  This personal information may include (a) my name, address and telephone number, (b) my social security number, (c) my credit score, (d) my income and (e) my payment history and information about my accounts and activity.  I understand and consent to this as well as your disclosing this information and the terms of any relief granted to any investor, insurer or guarantor of my loan and if applicable, to the US Department of Treasury, Fannie Mae and Freddie Mac (and their agents) in conjunction with their responsibilities under the Making Home Affordable program.
10. I consent to being contacted concerning this request for mortgage assistance and all other matters concerning my loan at any e-mail address or cellular or mobile telephone number I have provided to Rushmore.  This includes text messages and telephone calls (including those made by an automated dialer) to my cellular or mobile telephone.

_____        _____
Borrower Signature                            Date


_____        _____
Co-Borrower Signature                        Date

## DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). You are required to furnish this information if you may be eligible for assistance under the Making Home Affordable Program. The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 USC 5201 et seq) or any other mortgage assistance program authorized or funded by that Act, if such person in connection with a mortgage or real estate transaction has been convicted within the last 10 years of any one of the following (A) felony larceny, theft, fraud or forgery; (B) money laundering; or (C) tax evasion.

I/we understand that the Servicer, the United States Department of the Treasury or their respective agents may investigate the accuracy of my/our statements by performing routine background checks, including automated searches of federal, state or county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law.
This certification is effective on the earlier of the date listed below or the date this application is received
by the Servicer.

_____

Borrower Signature

_____      _____      _____
Date of Birth               Date of Birth               Social Security Number

_____

Co-Borrower Signature

_____      _____      _____
Date of Birth               Date of Birth               Social Security Number

Use this form for an individual who resides at your property address or contributes to household income who is not listed as a borrower on the loan.

Borrower Name: _____

Loan Number: _____        Property Address: _____

_____

Non-Borrower Contributor Name: _____

Non-Borrower Contributor Address: _____

_____

Borrower Assistance                              13                              Rev 2/09/14

Non-Borrower Contributor Social Security No.: _____

My income has been previously used in an evaluation for a HAMP modification for a principal residence.  ◯ Yes   ◯ No

A mortgage of any other property I own has had a permanent HAMP modification.
◯ Yes   ◯ No

Monthly Income

| | |
|---|---|
| Gross Wages | $ |
| Overtime | $ |
| Child support/alimony* | $ |
| Non-taxable Social Security/SSDI | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ |
| Tips, commissions, bonus and self-employment income | $ |
| Rents received | $ |
| Unemployment income | $ |
| Food stamps/welfare | $ |
| Other | $ |

*Child Support, alimony, separation maintenance need not be disclosed if you do not want it considered in support of your Loan payments.*

By signing below, I agree to the following
- I request that my income be included in the review of the modification request by the above referenced borrower(s).
- I contribute/will contribute for the foreseeable future : (check one)
  ◯ $ _____ monthly to the household ◯ 100% of my income
- I will provide documentation supporting my income upon request.
- I authorize Rushmore or its agents to obtain my credit report in connection with your evaluation of the Borrower's request for assistance.

_____
Signature of Non-Borrower Contributor

Date: _____

**WILL INCOME DOCUMENTATION THAT I SUBMIT EXPIRE AT ANY POINT?**
- Any income documentation that you submit as part of your Borrower Assistance Application should be dated within 90 days of the time documentation is received by Rushmore.  Generally, a decision will be made on your Borrower Assistance Application prior to the time that documentation you submit would expire.
- Income documentation includes items that would document your monthly income, such as paycheck stubs and bank statements.

**WILL I BE CONSIDERED FOR ALL TYPES OF LOSS MITIGATION OPTIONS?**
- We service loans for many different types of loan owners.  Each loan owner decides what options to offer and when and under what circumstances they will be offered.  Some loan owners may not offer loan modification options or may limit the number of times or the time periods during which it will offer certain options.  Some loan owners may offer different options depending on whether the property is a primary residence, second home or investment property or is vacant.  You will be considered for all loss mitigations that are offered by the particular owner of your loan for the particular type of loan that you have.
- If your loan is a government-insured loan (e.g., FHA, VA or USDA), the government agency determines what options may be offered and when they may be offered.
- If your loan is eligible for evaluation under Government's Home Affordable Modification Program ("HAMP"), we will determine if you qualify for a modification under HAMP before evaluating you for any available proprietary loan modification.  HAMP regulations determine who is eligible and when loan modifications must be offered.  In addition, your loan owner must have agreed at the time it acquired you loan that it would be HAMP eligible.

**WILL MY CREDIT SCORE BE AFFECTED?**
- We are required to report the delinquency status of your loan to the credit reporting agencies in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements.
- The acceptance of a foreclosure prevention option may affect your credit score, depending on your individual credit history.  Credit scoring companies generally consider entering into a plan with reduced payments as increasing your credit risk.  Therefore, entering into a plan with reduced payments may adversely affect your credit score, particularly if you are current on your loan or otherwise have a good score.

**WILL THERE BE ANY TAX CONSEQUENCES?**
- Depending on the loss mitigation option or terms of an option you are offered, there may be tax consequences to such a transaction.  For example, debt forgiveness may be taxable income to you.
- Rushmore is not a law firm.  You should consult your tax advisor or an attorney about any potential tax consequences of an offered loss mitigation option.

**WILL YOU CONTINUE COLLECTION OR FORECLOSURE ACTIVITIES?**
- **You should continue to make all required monthly payments on your loan if you can.**
- We may continue collection and/or foreclosure activity as allowed under applicable federal and state laws until a foreclosure prevention option has been approved and is completed.
- If you submit a <u>complete</u> Borrower Assistance Application, we will not commence a foreclosure proceeding unless:
    - You do not accept an offered option within the specified time period.
    - You are denied for all available options to foreclosure and any applicable appeal period has expired.
    - You breach the terms of the option you were offered and you accepted.

**WHAT IF MY PROPER IS SCHEDULED FOR A FORECLOSURE SALE?**
- In general, we will not evaluate a Borrower Assistance Application that is submitted shortly before a scheduled foreclosure sale date.  This means that, in general, in order for your Application to be evaluated, your <u>complete</u> Borrower Assistance Application must be received by Rushmore:
    - **For HAMP eligible loans: at least 7 business days prior to the scheduled foreclosure sale date**
    - **If the property is in California or Nevada and is your primary residence: at least 7 business days prior to the scheduled foreclosure sale date**
    - **For all other loans: at least 38 calendar days prior to the scheduled foreclosure sale date**
- **If a foreclosure sale is pending but there is no specific date scheduled for the sale, a court with jurisdiction over the foreclosure or a public official charged with carrying out the sale may not halt the sale even if we approve you for a foreclosure alternative prior to the sale.**

**WILL I NEED AN APPRAISAL ON MY HOME?**
Depending on the type of option, you may receive a call from a property appraiser and/or real estate broker to make arrangements to gain access to your property to determine its value. The cost of the appraisal will be added to your loan account.

**WHAT IF I AM AN ACTIVE SERVICE MEMBER?**
The Service members Civil Relief Act provides certain legal protections and debt6 relief to service members on active duty or the dependents of active service members. Please visit www.militaryonesource.com for information and assistance with budgeting, debt reduction and credit issues or call toll free from within the U.S. at 800-342-9647 or from outside the U.S. at 800-342-6477 or International Collect at 484-530-5908. Please let Rushmore know if you are an active service member experiencing financial difficulty. Even if you ar not entitled to protection under the Service members Civil Relief Act, Rushmore may be able to help you under its service members relief program.

**ARE THERE OTHER RESOURCES AVAILABLE TO ME?**
The U.S. Department of Housing and Urban Development (HUD) sponsors non-profit homeownership counseling agencies across the country. Call 800-569-4287 or visit www.consumerfinance.gov/mortgagehelp for a list of HUD-approved agencies in your area. In addition, many state regulatory authorities maintain lists of non-profit homeownership counseling agencies available to borrowers in that state. The New York State Department of Financial Services' website (www.dfs.ny.gov) or the Division of Housing and Community Renewal's website (www.nyshcr.gov) can provide names of counseling agencies assisting New York borrowers. For borrowers in other states, please check your state's regulatory websites.

**DISCLOSURE OF RIGHT TO RECEIVE COPY OF APPRAISAL OR VALUATION REPORT**
In connection with your recent loss mitigation request we may order an appraisal or valuation to determine the property's value, and may charge you for this appraisal or valuation. You have the right to receive a copy of any appraisal or valuation that is performed on your property. Upon completion, Rushmore will promptly provide you with a copy of any appraisal or valuation, even if your application is not approved. You can p0ay for an additional appraisal for your own use at your own cost.

Please keep this notice with your own records.

If you have other mortgage loans secured by this property, you should contact the servicer of those loans to discuss available loss mitigation options.

## GLOSSARY OF CERTAIN LOSS MITIGATION OPTION TERMS

**Repayment Plan** – Allows you to pay past due amounts on your loan over a specified time period to bring your loan current. Each plan payment includes your regular monthly payment plus a portion of the past due amount. The term of the loan will vary based on your ability to repay.

**Trial Period Plan/Forbearance** – Forbearance allows you to temporarily suspend or reduce your payments for a specified time period. Under a trial period payment plan, you make specified payments over a short period of time to demonstrate your ability and willingness to pay a specified amount. The payment under a trial period plan may be higher than the original payment amount when your loan was originated.

Most of our loan owners require that you make a good faith payment (which is generally a percentage of the past due debt) in connection with a trial period plan. A Rushmore Home Retention Specialist can tell you if your loan owner normally requires a good faith payment and what the amount would be based on your loan owner's guidelines. As part of the borrower assistance application, you will be asked to submit proof that you have funds available for a good faith payment. You may submit a borrower assistance application eve if you have less funds available for a good faith payment than what your Home Retention Specialist tells you is typically required, or if you do not have any funds available for such a payment. No payment is required to submit an application for a loan modification and no payment is required until aft you have been approved for a trial period payment plan. If you are approved for a trial period payment plan, your plan will specify the amount of any required good faith payment. You must make your good faith payment for your plan to become effective. Any required good faith payment will be in addition to your regular monthly plan payments. The good faith payment is applied to reduce your outstanding debt.

**Loan Modification** – Permanently modifies the terms of your loan. May change one or more terms of your loan in order to help you bring a defaulted loan current and prevent foreclosure. A loan modification may include one or more of the following:
- An interest rate reduction
- In certain cases, a forgiveness of a portion of principal
- An extension of the maturity of the debt
- Spreading the past due amount over the remaining term
- A deferment of a portion of the outstanding debt.

**Short Refinance** – Allows you to refinance your loan at less than the remaining balance of your loan.  The owner of your loan agrees to forgive some of the principal balance.  In most cases, you will be responsible for the costs of obtaining the new loan.

**Shore Sale** _Allows you to sell your home for less than the remaining balance on your loan.  The agreed upon net sale price of the home must be acceptable to the owner of your loan.  The debt may be satisfied at the agreed upon sale price and terms If the short sale is completed, you will not be responsible for the costs of sale (e.g., broker fees).  Relocation assistance may be offered.

**Deed-in-Lieu** – A voluntary deed of the ownership of your home to the owner of your loan in satisfaction of some or all of your obligations under your loan.  This action will not save your home but may aid you in qualifying for another mortgage in the future.  This option may have a less negative impact on your credit than a foreclosure.  There cannot be any problems with the title to your property, such as outstanding liens that cannot be satisfied.  Rushmore will request a title report on your home.  If a deed-in-lieu is not completed, the costs of this report will be added to your loan balance.  Relocation assistance may be offered.

**Reinstatement** – Payment of the total amount you owe in a lump sum payment and by a specific date.  This brings your loan current.  This may follow a forbearance.

**Consent to Judgment** – If you are unsuccessful in selling your home and do not qualify for a Deed-in-Lieu because of outstanding liens, this option may be available to you.  You agree to a quick foreclosure.  Relocation assistance may be offered.

**Settlement** – A mutual agreement between you and Rushmore whereby Rushmore, on behalf of the loan owner, agrees to accept less than the full amount of your loan balance in full satisfaction of your loan.  You retain full ownership of your home.

# STATE SPECIFIC NOTICES

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car.  Please be advised that you can reach the Colorado Foreclosure Hotline at 1877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

# ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

All Other 022316



P.O.Box 55004
Irvine, CA. 92618
888.504.6700 toll free
949.341.2200 fax
**www.rushmorelm.com**

7600384604*HP212 N1¦1



EXHIBIT
**B**

October 04, 2016

Eugene Weiner
108 Pratt St
Fitchburg, MA 01420 4188
*

Loan No.: 7600384604
Property Address: 108 Pratt Street
Fitchburg MA 01420

Dear Eugene Weiner :

Rushmore Loan Management Services (Rushmore) understands that you may be experiencing a temporary or long-term hardship and need help. It is our understanding that your financial situation has changed and that have expressed an interest in the Home Affordable Modification Program (HAMP).

WHAT SHOULD I DO?

* Complete, sign and return the Borrower Assistance Application and if applicable, the Third Party Authorization Form, any Non-Borrower Contribution Letter and a Credit Report Authorization for  the Non-Borrower Contributor as instructed.
* Send all required supporting documents (such as paystubs, bank statements, tax returns) for all Borrowers and Non-Borrower Contributors.
* Send all these documents to Rushmore in one of the following ways:

        By Mail:
        Rushmore Loan Management Services LLC
        15480 Laguna Canyon Road, Suite 100
        Irvine, CA  92618
        Attention:  Home Retention
        By Secure Fax: 949 -341 2238

* Keep a copy of all submitted documents for your records.

HOW LONG WILL THE REVIEW PROCESS TAKE?

* We will confirm receipt of your Borrower Assistance Application in writing within five (5) business days after receipt.
* We will let you know if any information or documents are missing and how much time you have to provide the missing information to us.
* We will evaluate you for all loss mitigation options available for your loan and circumstances once your Borrower Assistance Application is complete.



EQUAL HOUSING
**LENDER**



P.O Box 55004
Irvine, CA 92618
888 504 6700 toll free
949 341 2200 fax
**www.rushmorelm.com**

> \* We will let you know in writing within 30 calendar days from the
> date you Borrower Assistance Application is complete, if any
> options are available to you.

Since time is of the essence in this matter we ask that you provide us
with all of the requested information and/or documentation listed below by
10-20-16.

If we do not receive a response to this request for documentation by the
date referenced above, a 2nd letter and initial package will be sent to you.

 If a complete package is not received within 15 days of the date of the
2nd letter, you will be notified that you will not be eligible for
consideration for a HAMP loan modification due to not receiving a timely
and complete application package.

\*\*\* In all cases, a complete package must be received no later than 7
business days prior to your scheduled Foreclosure Sale date.\*\*\*

Should you have any questions regarding this matter, please contact the
undersigned at (888) 504-7300.

You can also call the Homeowners HOPE Hotline at 1-888-995-HOPE (4673)
if you need further assistance, at no charge, from HUD approved
housing counselors, or need assistance in understanding this borrower

Sincerely,

Home Retention Department
Rushmore Loan Management Services LLC
HP212 063 CC6





15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

# Checklist

**We need the following documents in order to expedite your modification review**

**All Borrowers**
- ☐ Complete the Request for Mortgage Assistance Form
- ☐ Complete the IRS Form 4506T or 4506T-EZ

**For each borrower who receives a salary or hourly wages:**
- ☐ Provide a copy of your two most recent pay stubs that show year-to-date earnings

**For each borrower who is self-employed:**
- ☐ Provide your most recent signed and dated quarterly or year-to-date profit and loss statement

**For each borrower who has income such as social security, disability or death benefits, pension, adoption assistance, public assistance, or unemployment:**
- ☐ Provide documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider and receipt of payment (such as two most recent bank statements or deposit advices)

**For each borrower who is relying on alimony or child support as qualifying income*:**
- ☐ Provide a copy of the divorce decree, separation agreement, or other written legal agreement filed with the court that states the amount of the payments and the period of time that you are entitle to receive them, AND
- ☐ Copies of your two most recent bank statements or deposit advices showing you have received payment

**\*Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.**

**If you own rental properties:**
- ☐ Provide your most recent Federal Tax return with all schedules, including Schedule E
- ☐ If rental income is not reported on Schedule E, provide a copy of the current lease agreement with bank statements showing deposit of rent checks

**If your loan is not currently escrowed for taxes and/or insurance:**
- ☐ Provide a copy of your property hazard insurance declaration page (Contact your insurance agency)

### *Note: Any expenses disclosed must be validated with supporting documents (e.g. Alimony, Child Support, Liens, and Judgments)

If you have any questions or concerns regarding this checklist, please contact our office toll free at 1-888-504-7300 Monday through Thursday from 6:00am to 7:00pm and Friday from 6:00am to 6:00pm Pacific Time.

06/10/2014 MHA



**This completed Borrower Assistance Application and all required documentation must be sent to one of the following locations:**

| **Mail**: Attn: Loss Mitigation<br>Rushmore Loan Management Services LLC<br>15480 Laguna Canyon Road<br>Irvine, CA 92619 | **Secure Fax**: 949-341-2238 |
|---|---|

**Questions**: Call us at 888-504-7300 M-Th 6:00 am PST to 7:00 pm PST or
F 6:00 am PST to 6:00 PST.

## BORROWER ASSISTANCE APPLICATION

If you are experiencing a temporary or long-term hardship and need help, you must complete and submit this application along with other required documentation to be considered for available options.   You must disclose information about (1) your intentions to either keep or transition out of the property; (2) the property's status; (3) bankruptcy; and (4) your credit counseling agency or representative, if any.

You must disclose information about your income, expenses and assets.  This application also lists the required income documentation that you must submit in support of your request for assistance. You must also complete the Hardship Affidavit in which you disclose the nature of your hardship. The Hardship Affidavit informs you of the required documentation that you must submit in support of your hardship claim.

When you sign and date this application you will make certain certifications, representations and agreements, including certifying that the information you provide in the application is accurate and truthful and that the identified hardship has contributed to your need for mortgage relief.

*This application requires a completed and signed IRS Form 4506-T, the required income documentation, the required hardship documentation, a signed and completed Dodd-Frank Certification and, if applicable, a completed and signed Non-Borrower Contribution form*

Loan Number: _____ (found on your monthly mortgage statement)

I want to:   ○ Keep the property ○ Vacate the property ○ Sell the property○ Undecided
If you wish to keep the property, for how long? _____
The property is currently: ○ My primary residence ○ A second home
○ An investment property
The property is currently: ○ Owner occupied ○ Renter occupied ○ Vacant

MHA Revised 2/9/15                    1

## CONTACT INFORMATION

| **Borrower** | **Co-Borrower** |
|---|---|
| Borrower Name:_____ | Co-Borrower Name:_____ |
| SSN _____ DOB _____ | SSN _____ DOB_____ |
| Home Phone # (  )<br>Best time to call: | Home Phone # (  )<br>Best time to call: |
| Cell/Mobile Phone # (  )<br>Best time to call: | Cell/Mobile Phone # (  )<br>Best time to call: |
| Email:_____ | Email:_____ |

◯ My primary language is Spanish.  This information will be used to assign you a Spanish-speaking representative when available after your application is received.  *Mi lengua principal es el español.  Esta información sera utilizada para asignar un representante que hable español cuando este disponible después que su aplicación ha sido recibida.  Llámenos al teléfono indicado si necesita ayuda para completar esta aplicación.*

Mailing Address:_____

Property Address (if the same as mailing address, just write "same")

Have you contacted a credit counseling agency? ◯ Yes   ◯ No
If yes, provide counselor contact information:
Agency Name: _____    Counselor Name: _____
                           Counselor Phone #: _____
                           Counselor email: _____
Rushmore may contact this agency about my Loan. ◯ Yes ◯ No

Do you have a lawyer or other representative we should contact about this application?
◯ Yes ◯ No
If yes, provide contact information:
Law Firm Name (if any): _____    Representative Name: _____
                                    Phone #: _____
                                    Email: _____

Rushmore should only contact this representative about my Loan. ◯ Yes ◯ No

## PROPERTY INFORMATION

Estimated Market Value of the property    $_____

Is the property listed for sale?    ◯ Yes ◯ No  If yes, what was the listing date?

Have you received an offer on the property? ◯ Yes ◯ No
Date of Offer:_____        Amount of Offer $_____
Agent's Name: _____       Agent's phone #: _____
For Sale by Owner ◯ Yes    ◯ No

Do you have condominium or homeowner association (HOA) fees?◯ Yes ◯ No
Total monthly amount   $ _____
Name and Address that fees are paid to:_____
_____

Who pays the real estate tax bill on the property? ◯ I/we do ◯ Servicer does
Are the taxes current? ◯ Yes◯ No

Who pays the homeowners insurance policy on the property? ◯ I/we do ◯ Servicer does
Is the policy current? ◯ Yes◯ No   Name of Insurance Company: _____
                        Insurance Company Phone #: _____

Are there any liens/other mortgages or judgments on the property? ◯ Yes ◯ No
If yes, provide :
Lien holder/Servicer name: _____      Phone #: _____
Balance Amount: $_____       Monthly payment amount: $_____
Lien holder/Servicer name:_____      Phone #: _____
Balance Amount: $ _____       Monthly payment amount: $_____
Lien holder/Servicer name:_____      Phone #: _____
Balance Amount: $_____       Monthly payment amount: $_____

## MORTGAGE INFORMATION

Has the mortgage on your property ever had a Home Affordable Modification Program (HAMP) trial period plan or permanent modification?◯ Yes ◯ No
Has the mortgage on any other property that you or any co-borrower own had a permanent HAMP modification? ◯ Yes ◯ No

## BORROWER INFORMATION

Have you or the co-borrower filed bankruptcy?  ◯ Yes ◯ No
◯ Chapter 7 ◯ Chapter 11 ◯ Chapter 12 ◯ Chapter 13

Has the bankruptcy been discharged? ◯ Yes ◯ No    Bankruptcy Case No. :
Has/was the mortgage on the property been reaffirmed? ◯ Yes ◯ No ◯ Don't know

If you have or will receive a discharge from a bankruptcy and the mortgage was not reaffirmed in the case, we will only exercise our rights against the property and are not attempting any act to collect the discharged debt from you personally.  Your decision to discuss workout options with us is strictly voluntary.  You are not obligated to pursue any workout option discussed with us.  At your request, we will immediately terminate any such discussions should you no longer wish to purse these options to retain your property.

## SERVICE MEMBERS

Is any borrower an active duty service member? ◯ Yes ◯ No
If yes, has any borrower been deployed away from his/her primary residence or received a permanent Change of Station order? ◯ Yes ◯ No
Is any borrower the surviving spouse of a deceased service member who was on active duty at the time of death? ◯ Yes  ◯ No

## EMPLOYMENT INFORMATION

**Borrower**

Company Name: _____   Start Date: _____
Job Title: _____

**Co-Borrower**

Company Name: _____   Start Date: _____
Job Title: _____

## OTHER PROPERTY FOR WHICH ASSISTANCE IS REQUESTED

**Complete this section ONLY if you are requesting mortgage assistance for a property that is not your principal residence.**

I am requesting mortgage assistance with a rental property that is not your principal residence. ?
○ Yes  ○ No

I am requesting mortgage assistance with a second or seasonal home: ○ Yes   ○ No

If "Yes" to either, I want to:  ○ Keep the property ○ Sell the property

Property Address:_____ Loan Number: _____

Do you have a second mortgage on the property? ○ Yes ○ No

If "yes": Service Name:_____ Loan Number:_____

Do you have condo or Homeowner's association (HOA) fee? ○ Yes  ○ No

If "Yes":  Monthly Fee: _____ Are HOA fees current? ○ Yes ○ No

Name and address fees are paid to:_____

Does your mortgage payment include taxes and insurance? ○ Yes  ○ No

If "NO": Are taxes and insurance paid and current? ○ Yes  ○ No

Annual Homeowner's Insurance:_____ Annual Property Taxes:_____

○ Vacant and available for rent
○ Occupied by a tenant as their principal residence
○ Other:_____

If rental property is occupied by a tenant:

○ Term / Lease of Occupancy: MM/DD/YYYY-
MM/DD/YYYY:_____
○ Gross Monthly Rent:_____

If rental property is vacant, describe efforts to rent
property:_____

If applicable, describe relationship and duration of non-rent paying occupant of rental property:

Is the property for sale? ○ Yes ○ No  If "Yes" Listing Agent
Name:_____

Listing Agent Phone #:_____

Listing Date: _____ Have you received purchase offer? ○ Yes  ○ No

Amount of Offer:_____ Closing Date:_____

## RENTAL PROPERTY CERTIFICATION

**You must complete this certification if you are requesting mortgage assistance with respect to a rental property.**

_____By checking this box and initialing below, I am requesting a mortgage modification under MHA with respect to the rental property described in this section and I hereby certify under penalty of perjury that each of the following statements is true and correct with respect to that property:

1. I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period.

Note: The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspaper, websites, or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

2. The property is not my secondary residence and I do not intent to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein.

Note: The Term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

3. I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) exclusive of
my primary residence.

**Notwithstanding the residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**

This certificate is effective on the earlier of the date listed below or the date the RMA is received by you servicer.


Initials: _____ Borrower: _____ Co-Borrower: _____

MHA Revised 2/9/15                          6

## FINANCIAL INFORMATION

**Borrower**

| Monthly Income | | Borrower Assets | |
|---|---|---|---|
| Gross Wages | $ | Checking Account | $ |
| Overtime | $ | Checking Account | $ |
| Child support/alimony* | $ | Savings/money market | $ |
| Non-taxable Social Security/SSDI | $ | Stocks/bonds/CDs | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ | Expected assets (e.g., inheritance, tax, returns, etc.) | $ |
| Tips, commissions, bonus and self-employment income | $ | Total amount in additional assets (e.g. trusts) | $ |
| Rents received | $ | Other real estate owned (estimated value) | $ |
| Unemployment income | $ | Retirement | $ |
| Food stamps/welfare | $ | Other cash on hand | $ |
| Other | $ | Other | $ |

**Co-Borrower**

| Monthly Income | | Borrower Assets | |
|---|---|---|---|
| Gross Wages | $ | Checking Account | $ |
| Overtime | $ | Checking Account | $ |
| Child support/alimony* | $ | Savings/money market | $ |
| Non-taxable Social Security/SSDI | $ | Stocks/bonds/CDs | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ | Expected assets (e.g., inheritance, tax, returns, etc.) | $ |
| Tips, commissions, bonus and self-employment income | $ | Total amount in additional assets (e.g. trusts) | $ |
| Rents received | $ | Other real estate owned (estimated value) | $ |
| Unemployment income | $ | Retirement | $ |
| Food stamps/welfare | $ | Other cash on hand | $ |
| Other | $ | Other | $ |

*Child Support, alimony, separation maintenance need not be disclosed if you do not want it considered in support of your Loan payments.

**Monthly Household Expenses**

| First Mortgage | $ | Electric | $ |
|---|---|---|---|
| Second Mortgage | $ | Gas | $ |
| Homeowner's Insurance* | $ | Trash | $ |
| Property Taxes | $ | Cable | $ |
| HOA/Cond Fees/property maintenance | $ | Cell phone | $ |
| Student Loan (if not deferred) | $ | Food | $ |
| Car Payment | $ | Clothing | $ |
| Credit Cards/Other Installment Loans (minimum monthly payment) | $ | Out of pocket medical/dental expenses | $ |
| Car Expense/Gas | $ | Life Insurance | $ |
| Alimony/ Child Support Payments | $ | Mortgage Payments on other properties | $ |
| | | Other | $ |

**If you want Rushmore to consider Non-Borrower/Contributor Income (a person who resides in the property or contributes to household income but is not a listed Borrower on the Loan), please submit a completed and signed Non-Borrower Contribution form with this application.**

## REQUIRED INCOME DOCUMENTATION

Please refer to the Checklist included in this package

*Any income documentation that you submit as part of your Borrower Assistance Application should be dated within 90 days of the time documentation is received by Rushmore.*

*Additional documentation may be required if income not supported.*

## HARDSHIP AFFIDAVIT

I (we) are having difficulty or expect to have difficulty making monthly mortgage payments because of the reason(s) set forth below. *Please check the primary reason and submit the required documentation demonstrating your primary hardship.*
**If your Hardship Is:**
**Then the required documentation is:**

| | |
|---|---|
| ◯ Unemployment | Please state dates of unemployment. |
| ◯ Reduction in Income: a hardship that has caused a decrease in your income due to circumstances beyond your control (e.g., reduction in overtime or regular working hours, reduction in base pay) | Provide a written description of your circumstances on the attached hardship letter. |
| ◯ Increase in Housing Expenses: a hardship that has caused an increase in your housing expense due to circumstances beyond your control | Provide a written description of your circumstances below or on the attached hardship letter: |

| | |
|---|---|
| ◯ Divorce or legal separation; separation of borrowers unrelated by marriage, civil union or domestic partnership | One of: <ul><li>Divorce decree</li><li>Separation Agreement</li><li>Current credit report evidencing divorce, separation or non-occupying borrower has different address</li><li>Recorded quitclaim deed evidencing that non-occupying borrower has relinquished rights to the property</li></ul> |
| ◯ Death of a borrower of death of a primary or secondary wage earner in the household | Either: <ul><li>Death certificate</li><li>Obituary or newspaper article reporting the death</li></ul> |
| ◯ Long-term or permanent disability; serious illness of a borrower or dependent family member | One of: <ul><li>Proof of monthly insurance benefits or government assistance, if applicable</li><li>Written statement or other documentation verifying disability or illness</li><li>Doctor's certificate of illness or disability</li><li>Medical Bills</li></ul> *None of the above shall require providing detailed medical information* |
| ◯ Disaster (natural or man-made) adversely impacting the property or a borrower's place of employment | One of: <ul><li>Insurance claim</li><li>Federal Emergency Management Agency grant or Small Business Administration loan paperwork</li><li>Proof of borrower or employer property located in a declared disaster area</li></ul> |

| | |
|---|---|
| ○ Distant employment transfer/relocation | **For active duty service members**:  Note of Permanent Change of Station (PCS) or actual PCS orders<br><br>**For employment transfers/new employment**:<br>One of:<br>• Copy of signed offer letter/employer notice showing employment location<br>• Pay-stub from new employer<br>• if none of the above, written explanation<br>Also provide documentation showing any relocation assistance |
| ○ Business Failure | Tax Return from previous year (with schedules) AND<br>Proof of business failure supported by one of the following:<br>• Bankruptcy filing for business<br>• 2 months recent bank statements for business account evidencing cessation of business activity<br>• Most recent signed and dated quarter or year to date profit and loss statement |
| ○ Other | Provide a written description of hardship below and any relevant documentation: |

## INFORMATION FOR GOVERNMENT MONITORING PURPOSES

For federal government programs, the following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race or sex, the lender or service is required to note the information on the basis of visual observation or surname if you have made a request of loan modification in person. If you do not wish to furnish this information indicate below.

| **Borrower** ○ I do not want to furnish this information | **Co-Borrower** ○ I do not want to furnish this information |
|---|---|
| Ethnicity ○ Hispanic/Latino <br> ○ Not Hispanic/Latino | Ethnicity ○ Hispanic/Latino <br> ○ Not Hispanic/Latino |
| Race ○ American Indian/Alaska Native <br> ○ Asian <br> ○ Black/African American <br> ○ Native Hawaiian/Other Pacific <br> Islander <br> ○ White | Race ○ American Indian/Alaska Native <br> ○ Asian <br> ○ Black/African American <br> ○ Native Hawaiian/Other Pacific <br> Islander <br> ○ White |
| Sex ○ Female <br> ○ Male | Sex ○ Female <br> ○ Male |

MHA Revised 2/9/15

11

## BORROWER/CO-BORROWER ACKNOWLEDGEMENT AND AGREEMENT

I certify, acknowledge and agree as follows:

1. All information in this Borrower Assistance Application is truthful and the hardship I have identified as contributed to my need for mortgage relief.
2. The accuracy of my statements may be reviewed by Rushmore, the loan owner or guarantor of my loan, their agents or an authorized third party*, and I may be required to provide additional supporting documentation.
3. Knowingly submitting false information may violate federal and other applicable law.
4. If I have intentionally defaulted on my existing mortgage loan, engaged in fraud or misrepresented any fact(s) in connection with this application or if I do not provide all required documentation, Rushmore may cancel any mortgage relief granted and may pursue foreclosure on my property and/or pursue any available legal remedies.
5. Rushmore is not obligated to offer me assistance based solely on the representations in this application or other documentation submitted in connection with my requested.
6. I may be eligible for a trial plan, repayment plan or forbearance plan. If I am eligible for one of these
   a. All the terms of this Acknowledgement and Agreement are incorporated into such plan.
   b. My first timely payment under the plan will serve as acceptance of the terms set forth in the plan sent by Rushmore.
   c. Rushmore's acceptance of any payment under the plan will not be a waiver of any acceleration of my loan or foreclosure action that has occurred and will not cure my default unless such payments are sufficient to completely cure my entire default under my loan.
   d. Payments due under a trial plan for modification generally require escrow amounts. If I was not previously required to pay escrow amounts and my trial plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior waiver is revoked. Payments due under a repayment plan or forbearance plan may or may not contain escrow amounts. If I was not previously requirement to pay escrow amounts and my repayment plan for forbearance plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior escrow waiver is revoked.
7. A condemnation notice has not been issued for the property.
8. Rushmore may obtain a current credit report on all borrowers obligated on the Note.
9. Rushmore or my designated representative or counseling agency will collect and record personal information that I submit in or related to this application and during the evaluation process. This personal information may include (a) my name, address and telephone number, (b) my social security number, (c) my credit score, (d) my income and (e) my payment history and information about my accounts and activity. I understand and consent to this as well as your disclosing this information and the terms of any relief granted to any investor, insurer or guarantor of my loan and if applicable, to the US Department of Treasury, Fannie Mae and Freddie Mac (and their agents) in conjunction with their responsibilities under the Making Home Affordable program.
10. I consent to being contacted concerning this request for mortgage assistance and all other matters concerning my loan at any e-mail address or cellular or mobile telephone number I have provided to Rushmore. This includes text messages and telephone calls (including those made by an automated dialer) to my cellular or mobile telephone.

_____     _____
Borrower Signature                              Date

_____     _____
Co-Borrower Signature                         Date

MHA Revised 2/9/15                          12

## DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). You are required to furnish this information if you may be eligible for assistance under the Making Home Affordable Program. The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 USC 5201 et seq) or any other mortgage assistance program authorized or funded by that Act, if such person in connection with a mortgage or real estate transaction has been convicted within the last 10 years of any one of the following (A) felony larceny, theft, fraud or forgery; (B) money laundering; or (C) tax evasion.

I/we understand that the Servicer, the United States Department of the Treasury or their respective agents may investigate the accuracy of my/our statements by performing routine background checks, including automated searches of federal, state or county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law.

This certification is effective on the earlier of the date listed below or the date this application is received
by the Servicer.

_____
    Borrower Signature

_____       _____       _____
   Date of Birth              Date of Birth                  Social Security Number

_____
    Co-Borrower Signature

_____       _____       _____
   Date of Birth              Date of Birth                  Social Security Number

Use this form for an individual who resides at your property address or contributes to household income who is not listed as a borrower on the loan.

Borrower Name: _____

Loan Number: _____       Property Address: _____

Non-Borrower Contributor Name: _____

Non-Borrower Contributor Address: _____

_____

MHA Revised 2/9/15                    13

Non-Borrower Contributor Social Security No.: _____

My income has been previously used in an evaluation for a HAMP modification for a principal residence.  ◯ Yes   ◯ No

A mortgage of any other property I own has had a permanent HAMP modification.
◯ Yes   ◯ No

Monthly Income

| | |
|---|---|
| Gross Wages | $ |
| Overtime | $ |
| Child support/alimony* | $ |
| Non-taxable Social Security/SSDI | $ |
| Taxable SS benefits or other monthly income from annuities or retirement plans | $ |
| Tips, commissions, bonus and self-employment income | $ |
| Rents received | $ |
| Unemployment income | $ |
| Food stamps/welfare | $ |
| Other | $ |

*Child Support, alimony, separation maintenance need not be disclosed if you do not want it considered in support of your Loan payments.*

By signing below, I agree to the following
- I request that my income be included in the review of the modification request by the above referenced borrower(s).
- I contribute/will contribute for the foreseeable future : (check one)
  ◯ $ _____ monthly to the household ◯ 100% of my income
- I will provide documentation supporting my income upon request.
- I authorize Rushmore or its agents to obtain my credit report in connection with your evaluation of the Borrower's request for assistance.

_____
Signature of Non-Borrower Contributor

Date: _____

Form **4506-T**

(Rev. September 2015)
Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

▶ **Do not sign this form unless all applicable lines have been completed.**

▶ **Request may be rejected if the form is incomplete or illegible.**

▶ **For more information about Form 4506-T, visit *www.irs.gov/form4506t*.**

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶ _____

  **a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . . ☐

  **b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days ☐

  **c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days . . . . . . ☐

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . ☐

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☐

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

| / / | / / | / / | / / |
|---|---|---|---|

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** For transcripts being sent to a third party, this form must be received within 120 days of the signature date.

☐ Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ _____
Signature (see instructions)          Date

▶ _____
Title (if line 1a above is a corporation, partnership, estate, or trust)

_____
Spouse's signature          Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**

Cat. No. 37667N

Form **4506-T** (Rev. 9-2015)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301<br><br>512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888<br><br>559-456-7227 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 P-6 Kansas City, MO 64999<br><br>816-292-6102 |

### Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409<br><br>801-620-6922 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250<br><br>859-669-3592 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (TIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



**You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.**

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

**WILL INCOME DOCUMENTATION THAT I SUBMIT EXPIRE AT ANY POINT?**
- Any income documentation that you submit as part of your Borrower Assistance Application should be dated within 90 days of the time documentation is received by Rushmore.  Generally, a decision will be made on your Borrower Assistance Application prior to the time that documentation you submit would expire.
- Income documentation includes items that would document your monthly income, such as paycheck stubs and bank statements.

**WILL I BE CONSIDERED FOR ALL TYPES OF LOSS MITIGATION OPTIONS?**
- We service loans for many different types of loan owners.  Each loan owner decides what options to offer and when and under what circumstances they will be offered. Some loan owners may not offer loan modification options or may limit the number of times or the time periods during which it will offer certain options.  Some loan owners may offer different options depending on whether the property is a primary residence, second home or investment property or is vacant.  You will be considered for all loss mitigations that are offered by the particular owner of your loan for the particular type of loan that you have.
- If your loan is a government-insured loan (e.g., FHA, VA or USDA), the government agency determines what options may be offered and when they may be offered.
- If your loan is eligible for evaluation under Government's Home Affordable Modification Program ("HAMP"), we will determine if you qualify for a modification under HAMP before evaluating you for any available proprietary loan modification. HAMP regulations determine who is eligible and when loan modifications must be offered.  In addition, your loan owner must have agreed at the time it acquired you loan that it would be HAMP eligible.

**WILL MY CREDIT SCORE BE AFFECTED?**
- We are required to report the delinquency status of your loan to the credit reporting agencies in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements.
- The acceptance of a foreclosure prevention option may affect your credit score, depending on your individual credit history.  Credit scoring companies generally consider entering into a plan with reduced payments as increasing your credit risk. Therefore, entering into a plan with reduced payments may adversely affect your credit score, particularly if you are current on your loan or otherwise have a good score.

**WILL THERE BE ANY TAX CONSEQUENCES?**
- Depending on the loss mitigation option or terms of an option you are offered, there may be tax consequences to such a transaction.  For example, debt forgiveness may be taxable income to you.
- Rushmore is not a law firm.  You should consult your tax advisor or an attorney about any potential tax consequences of an offered loss mitigation option.

**WILL YOU CONTINUE COLLECTION OR FORECLOSURE ACTIVITIES?**
- **You should continue to make all required monthly payments on your loan if you can.**
- We may continue collection and/or foreclosure activity as allowed under applicable federal and state laws until a foreclosure prevention option has been approved and is completed.
- If you submit a <u>complete</u> Borrower Assistance Application, we will not commence a foreclosure proceeding unless:
    - You do not accept an offered option within the specified time period.
    - You are denied for all available options to foreclosure and any applicable appeal period has expired.
    - You breach the terms of the option you were offered and you accepted.

**WHAT IF MY PROPER IS SCHEDULED FOR A FORECLOSURE SALE?**
- In general, we will not evaluate a Borrower Assistance Application that is submitted shortly before a scheduled foreclosure sale date.  This means that, in general, in order for your Application to be evaluated, your <u>complete</u> Borrower Assistance Application must be received by Rushmore:
    - **For HAMP eligible loans: at least 7 business days prior to the scheduled foreclosure sale date**
    - **If the property is in California or Nevada and is your primary residence: at least 7 business days prior to the scheduled foreclosure sale date**
    - **For all other loans: at least 38 calendar days prior to the scheduled foreclosure sale date**
- **If a foreclosure sale is pending but there is no specific date scheduled for the sale, a court with jurisdiction over the foreclosure or a public official charged with carrying out the sale may not halt the sale even if we approve you for a foreclosure alternative prior to the sale.**

**WILL I NEED AN APPRAISAL ON MY HOME?**
Depending on the type of option, you may receive a call from a property appraiser and/or real estate broker to make arrangements to gain access to your property to determine its value.  The cost of the appraisal will be added to your loan account.

**WHAT IF I AM AN ACTIVE SERVICE MEMBER?**
The Service members Civil Relief Act provides certain legal protections and debt6 relief to service members on active duty or the dependents of active service members.  Please visit www.militaryonesource.com  for information and assistance with budgeting, debt reduction and credit issues or call toll free from within the U.S. at 800-342-9647 or from outside the U.S. at 800-342-6477 or International Collect at 484-530-5908.  Please let Rushmore know if you are an active service member experiencing financial difficulty.  Even if you ar not entitled to protection under the Service members Civil Relief Act, Rushmore may be able to help you under its service members relief program.

**ARE THERE OTHER RESOURCES AVAILABLE TO ME?**
The U.S. Department of Housing and Urban Development (HUD) sponsors non-profit homeownership counseling agencies across the country.  Call 800-569-4287 or visit www.consumerfinance.gov/mortgagehelp for a list of HUD-approved agencies in your area. In addition, many state regulatory authorities maintain lists of non-profit homeownership counseling agencies available to borrowers in that state.  The New York State Department of Financial Services' website (www.dfs.ny.gov) or the Division of Housing and Community Renewal's website (www.nyshcr.gov) can provide names of counseling agencies assisting New York borrowers.  For borrowers in other states, please check your state's regulatory websites.

**DISCLOSURE OF RIGHT TO RECEIVE COPY OF APPRAISAL OR VALUATION REPORT**
In connection with your recent loss mitigation request we may order an appraisal or valuation to determine the property's value, and may charge you for this appraisal or valuation.  You have the right to receive a copy of any appraisal or valuation that is performed on your property.  Upon completion, Rushmore will promptly provide you with a copy of any appraisal or valuation, even if your application is not approved.  You can p0ay for an additional appraisal for your own use at your own cost.

Please keep this notice with your own records.

If you have other mortgage loans secured by this property, you should contact the servicer of those loans to discuss available loss mitigation options.

## GLOSSARY OF CERTAIN LOSS MITIGATION OPTION TERMS

**Repayment Plan** – Allows you to pay past due amounts on your loan over a specified time period to bring your loan current. Each plan payment includes your regular monthly payment plus a portion of the past due amount. The term of the loan will vary based on your ability to repay.

**Trial Period Plan/Forbearance** – Forbearance allows you to temporarily suspend or reduce your payments for a specified time period. Under a trial period payment plan, you make specified payments over a short period of time to demonstrate your ability and willingness to pay a specified amount. The payment under a trial period plan may be higher than the original payment amount when your loan was originated.

Most of our loan owners require that you make a good faith payment (which is generally a percentage of the past due debt) in connection with a trial period plan. A Rushmore Home Retention Specialist can tell you if your loan owner normally requires a good faith payment and what the amount would be based on your loan owner's guidelines. As part of the borrower assistance application, you will be asked to submit proof that you have funds available for a good faith payment. You may submit a borrower assistance application eve if you have less funds available for a good faith payment than what your Home Retention Specialist tells you is typically required, or if you do not have any funds available for such a payment. No payment is required to submit an application for a loan modification and no payment is required until aft you have been approved for a trial period payment plan. If you are approved for a trial period payment plan, your plan will specify the amount of any required good faith payment. You must make your good faith payment for your plan to become effective. Any required good faith payment will be in addition to your regular monthly plan payments. The good faith payment is applied to reduce your outstanding debt.

**Loan Modification** – Permanently modifies the terms of your loan. May change one or more terms of your loan in order to help you bring a defaulted loan current and prevent foreclosure. A loan modification may include one or more of the following:
- An interest rate reduction
- In certain cases, a forgiveness of a portion of principal
- An extension of the maturity of the debt
- Spreading the past due amount over the remaining term
- A deferment of a portion of the outstanding debt.

**Short Refinance** – Allows you to refinance your loan at less than the remaining balance of your loan. The owner of your loan agrees to forgive some of the principal balance. In most cases, you will be responsible for the costs of obtaining the new loan.

**Shore Sale** _Allows you to sell your home for less than the remaining balance on your loan. The agreed upon net sale price of the home must be acceptable to the owner of your loan. The debt may be satisfied at the agreed upon sale price and terms If the short sale is completed, you will not be responsible for the costs of sale (e.g., broker fees). Relocation assistance may be offered.

**Deed-in-Lieu** – A voluntary deed of the ownership of your home to the owner of your loan in satisfaction of some or all of your obligations under your loan. This action will not save your home but may aid you in qualifying for another mortgage in the future. This option may have a less negative impact on your credit than a foreclosure. There cannot be any problems with the title to your property, such as outstanding liens that cannot be satisfied. Rushmore will request a title report on your home. If a deed-in-lieu is not completed, the costs of this report will be added to your loan balance. Relocation assistance may be offered.

**Reinstatement** – Payment of the total amount you owe in a lump sum payment and by a specific date. This brings your loan current. This may follow a forbearance.

**Consent to Judgment** – If you are unsuccessful in selling your home and do not qualify for a Deed-in-Lieu because of outstanding liens, this option may be available to you. You agree to a quick foreclosure. Relocation assistance may be offered.

**Settlement** – A mutual agreement between you and Rushmore whereby Rushmore, on behalf of the loan owner, agrees to accept less than the full amount of your loan balance in full satisfaction of your loan. You retain full ownership of your home.

# STATE SPECIFIC NOTICES

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car.  Please be advised that you can reach the Colorado Foreclosure Hotline at 1877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:

Irvin Borenstein
13111 E. Briarwood Ave. Ste #340
Centennial, CO 80112

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

# ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com



November 1, 2017

Brine Consumer Law
Attn: Christopher M. Brine
100 Grove Street, Suite 210
Worcester, MA 01605

RE:     Mortgagor(s) – Eugene Weiner
         Property Address – 108 Pratt Street, Fitchburg MA 01420
         Loan Number – 7600384604

Dear Christopher M. Brine:

Rushmore Loan Management Services LLC ("Rushmore") is responding to your correspondence dated September 15, 2017, and received by our office September 19, 2016, regarding the mortgage loan account referenced above. The servicing responsibilities for the loan transferred from Ditech to Rushmore effective August 15, 2016. We appreciate the opportunity to provide you with this written response.

In response to your request for information, please find the following documentation enclosed with this letter:

- Payment History

    o The payment history reflects a complete payment history for the period Rushmore has serviced the loan. Late fees are assessed any time the contractual payment is received after the grace period, as indicated in the Note. If a payment was applied to the suspense account, it will be indicated in the code description column. Payments can be applied to the suspense account if the funds received do not represent the full monthly mortgage payment due or if Rushmore is not informed of where the payment is to be applied. Furthermore, this payment history reflects the following information:

        ▪ When payments were received
        ▪ How the payments were applied to the loan

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.





15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

- Any disbursements made from the loan, including, but not limited to, disbursements for taxes, insurance, property inspections, brokers price opinions (BPOs), and legal fees.
- A description for each transaction, with running balances of the unpaid principal and escrow accounts
- The date fees and charges were assessed, if any
- Any amounts paid towards fees
- Any waivers/reversals of fees

- Transaction Code Summary

- Billing Statements

  o The billing statement will reflect the current amount due on the loan. It will also provide a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees.

- Most Recent Escrow Analysis Statement

  o Rushmore does not perform an escrow analysis on loans that are more than 30 days' delinquent.

- Loss Mitigation documents

  o On September 9, 2016, Rushmore sent your client our Borrower Assistance Application.
  o On September 28, 2016, Rushmore sent your client a letter stating all Loss Mitigation programs which may be available to him.
  o On October 4, 2016, Rushmore sent your client our Borrower Assistance Application.
  o On October 20, 2016, Rushmore received modification documents from your client.
  o On October 24, 2016, Rushmore sent your client a letter stating that the package we received was incomplete and additional documents were needed.
  o On December 14, 2016, Rushmore sent your client modification denial letter. His request was denied due to the modification package being incomplete.
  o On December 19, 2017, Rushmore sent your client a letter stating all Loss Mitigation programs which may be available to
  o On January 23, 2017, Rushmore sent your client a letter stating all Loss Mitigation programs which may be available to him.

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.





15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

    ○ On March 31, 2017, Rushmore sent your client a letter stating all Loss Mitigation programs which may be available to him
    ○ On June 27, 2017, Rushmore sent your client a letter offering a modification and requesting documentation.

Other information you have requested does not relate to the servicing of the loan or identify any specific servicing errors, is considered proprietary or confidential, is not in our possession, and/or is not required to be provided. However, the information above, and the enclosed documents, should be sufficient to address your client's concerns.  If you require the origination documents, please request them from the originator of this loan.

Should you have any additional questions, please do not hesitate to contact us.

<u>Customer Service Department</u>
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific
Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number 1.888.504.6700


Sincerely,


Customer Correspondence Department
Rushmore Loan Management Services LLC

Enclosures (4)
By Federal Express

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt.  Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

