## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

EUGENE WEINER,            )
                               )
      Plaintiff,         )
                               )
v.                          )     C.A. No. 17-40144-TSH
                               )
RUSHMORE LOAN MANAGEMENT   )
SERVICES, LLC and MTGLQ       )
INVESTORS, LP,            )
                               )
      Defendants.      )
_____)

## DECISION AND ORDER ON DEFENDANTS MOTION TO DISMISS
### (Doc. No. 7)

**August 15, 2018**

**HILLMAN, D.J.**

Eugene Weiner ("Plaintiff") brings this action against MTGLQ Investors, L.P. ("MTGLQ") and Rushmore Loan Management Services, LLC ("Rushmore")(collectively referred to as "Defendants") arising from the foreclosure of Plaintiff's property in Fitchburg, Massachusetts (the "Property") and the Defendants conduct prior to foreclosure. The Plaintiff alleges four counts in his complaint: violation of the Fair Debt Collection Practices Act (FDCPA) (Count I); violation of Mass. Gen. Laws ch. 93A (Count II) and; declaratory judgment (Counts III and IV). The Defendants bring this motion pursuant to Fed. R. Civ. P. 12(b)(6).

**Background**

Plaintiff took out a mortgage secured by the Property (the "Mortgage"), owned by MTGLQ. Rushmore services the Mortgage. On June 27, 2017, prior to the foreclosure sale on

August 14, 2017, the Defendants sent a letter to Plaintiff offering a loan modification (the

"Letter").  The Letter, in relevant part, states:

> Congratulations! We are excited to make you an offer for a modification program that is designed to make your mortgage payments more affordable and help you keep your home.
>
> TO ACCEPT THIS OFFER
>
> Provide documentation of your monthly income and expense information. If your mortgage payment to monthly income ratio is less than 35% and your total monthly expenses (including your mortgage payment) to monthly income ratio is less than 55%; you will be provided with modification terms, a three month trial plan with a new principal balance of $125,000 and an estimated payment of $857.60. If you make all three payments successfully, we will permanently modify your loan!
>
> TIME IS OF THE ESSENCE
>
> This modification program is based upon a valuation dated 05/16/2017… In the event we have not heard from you within 60 days from the date of this offer, you still may be eligible for this program; however a new valuation will be required. The estimate amount of debt forgiveness may change.  All other terms of this offer would remain applicable.
>
> …..
>
> **WHAT IF MY PROPERTY IS SCHEDULED FOR A FORECLOSURE SALE?**
> - In general, we will not evaluate a Borrower Assistance Application that is submitted shortly before a scheduled foreclosure sale date. This means that, in general, in order for your Application to be evaluated, your <u>completed</u> Borrower Assistance Application must be received by Rushmore:
>
>   ….
>
>   - For all other loans: at least 38 calendar days prior to the scheduled foreclosure sale date
> - If a foreclosure sale is pending but there is no specific date scheduled for the sale, a court with jurisdiction over the foreclosure or a public official charged with carrying out the sale may not halt the sale even if we approve you for a foreclosure alternative prior to the sale.

(Doc. No. 8; Exhibit 10).

2

Plaintiff submitted an application for the loan modification offered in the Letter on August 1, 2017, via first class mail.  On August 21, 2017, Plaintiff contacted Defendants and was informed that no application had been received.[1]  On August 22, 2017, Plaintiff submitted another application to accept the loan modification offered in the Letter (the "Application").  The Application was received by Defendants on August 24, 2017, 58 days after the Letter was sent.

**Standard**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Detailed factual allegations are not required however, the complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 555. The court must accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Langadinos v. American Airlines, Inc*., 199 F.3d 68, 68 (1st Cir. 2000). A complaint should only be dismissed where the well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)(citation omitted).

FDCPA (Count I)

The Plaintiff alleges that the Letter sent by the Defendants violated the FDCPA. *See* 15 U.S.C. §1692. To establish a valid claim under the FDCPA, a plaintiff must show: "(1) that [he] was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or omission prohibited by the FDCPA." *O'Conner v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014)(citations and quotations omitted).  For purposes of this motion, the Defendants do not dispute the first two

---

[1] Plaintiff never received a returned "undeliverable" application.

elements. Therefore, I focus on whether the Letter was false, deceptive, or misleading in violation of the FDCPA.

A violation of the FDCPA occurs when a debt collector uses "any false representation or deceptive means to collect or attempt to collect any debt." *Oberther v. Midland Credit Mgt., Inc.*, 45 F. Supp. 3d 125, 128 (D. Mass. 2014). "[A] representation from a debt collector is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id*. at 128-29 (quoting *Waters v. Kream*, 770 F. Supp. 2d 434, 436 (D. Mass. 2011)(citation and quotation omitted)). When analyzing an FDCPA claim, "a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer" in order to "protect[ ] 'all consumers, including the inexperienced, the untrained and the credulous.'" *Pollard v. Law Office of Many L. Spaulding*, 766 F.3d 98, 103-04 (1st Cir. 2014)(quoting *Taylor v. Perrin, Landy, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)(citation omitted)). "Even so, the standard remains an objective one, which preserves an element of reasonableness." *Id*. at 104. If the court finds that the consumer read the collection letter in a "chimerical or farfetched" manner, the defendant will not be liable. *Id*.

The parties dispute the terms of the offer of a loan modification provided in the Letter. The Defendants argue that they are not liable because the Plaintiff's reading of the Letter was incorrect. *See Oberther v. Midland Credit Mgmt. Inc.*, 45 F. Supp. 3d 125, 131 (D. Mass. 2014)(a "consumer's incomplete or incorrect reading of a debt collection letter" does not make the debt collector liable). Defendants argue that the Letter clearly states that the May 16, 2017 valuation expires after 60 days and not that the offer for a loan modification would remain open for 60 days. Defendants argue that this reading of the Letter was clear absent express language promising to keep the offer open for 60 days and because the Letter stated that time was of the

essence, clarified that there was a 38-day deadline for any scheduled foreclosure sale, and that a pending foreclosure sale would not be halted even if no foreclosure date had been scheduled. I disagree.

The Letter could also reasonably be interpreted to mean that if you meet the eligibility requirements under "TO ACCEPT THIS OFFER", and provide documentation to support your eligibility, "you *will* be provided with modification terms".(emphasis added). However, if no application is received within 60 days, you *may* still be eligible but the offer contained in the Letter is terminated until a new valuation occurs. In other words, it was reasonable to read the Letter as an offer that gave the Plaintiff 60 days to apply for the loan modification, which was based on the May 16, 2017 valuation.  In the event Plaintiff did not apply within those 60 days, he may still be eligible but would have to wait for a further valuation.

The 38-day deadline for foreclosure sales does not provide clarity to rectify the above interpretation.  The Defendants sent Plaintiff the Letter on June 27, 2016.  Notice of the August 14, 2017, foreclosure sale occurred on July 24, 2017. This means that if the 38-day deadline applied, it was impossible for Plaintiff to meet it. The language in the Letter was not clear enough for a hypothetical unsophisticated consumer to understand that a 60-day offer was revoked and a new deadline, which had already lapsed, was triggered upon notice of a foreclosure sale.

Accordingly, the Plaintiff has alleged a plausible claim that the Letter was false, deceptive, or misleading in violation of the FDCPA and the Defendants motion to dismiss is denied as to Count I.

<u>Chapter 93A (Count II)</u>

For the reasons stated above, the Letter was unfair and/or deceptive in violation of Mass. Gen. Laws ch. 93A and the Defendant's motion to dismiss Count II is denied. *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109, 123 (1st Cir. 2014)("the FDCPA establishes that an unfair debt collection act in violation of the FDCPA is a per se violation of the FTC Act. And because Massachusetts has 'wholly incorporated' the FTC Act and its interpretation into state consumer protection law, a violation of the FDCPA not only per se violates the FTC Act, it also constitutes a per se Chapter 93A violation.").[2]

### Declaratory Judgment (Counts III & IV)

The Plaintiff seeks a declaratory judgment that the foreclosure sale was void because Defendants failed to comply with Mass. Gen. Laws ch. 244, §§35B and 35C. Mass. Gen. Laws ch. 244, § 35B(f) provides, in relevant part:

> Prior to publishing a notice of a foreclosure of a sale…the creditor, or if the creditor is not a natural person, an officer or duly authorized agent of the creditor, shall certify compliance with this section in an affidavit…The creditor, or an officer or duly authorized agent of the creditor, shall record this affidavit with the registry of deeds for the county or district where the land lies.[3]

In December 2016, Rushmore as power of attorney ("POA") for MTGLQ, signed two affidavits certifying compliance with §§35B and 35C (the "Affidavits"). The Affidavits were recorded in the Worcester Northern Registry of Deeds (the "Worcester Registry") in January 2017. However, the Affidavits reference a POA document recorded in the Middlesex South Registry of Deeds (the "Middlesex Registry"), not the Worcester Registry. The Plaintiff's argue that because of this, the Defendant's failed to strictly comply with §35B and §35C and lacked

---

[2] Because I find that the Complaint adequately alleges a violation of the FDCPA and such a violation gives rise to a per se violation of Chapter 93A, for purposes of this motion I do not further analyze the merits of this claim independent of the FDCPA violation.

[3] The relevant part of Mass. Gen. Laws ch. 244 § 35C(b) states the same language but replaces "section" with the term, "subsection". In an effort to be minimize duplicity, the statutes are analyzed together for purposes of this motion.

standing to foreclose. Plaintiff asserts that the laws regarding the acknowledgment and recording of deeds also applies to powers of attorney. *See* Mass. Gen. Laws ch. 183, § 32. Deeds "shall not be valid…unless it…is recorded in the registry of deeds for the county or district in which the land to which it relates lies." Mass. Gen. Laws ch. 183, § 4. Therefore, it is Plaintiff's assertion that because the POA referenced in the Affidavits was recorded in the Middlesex Registry, not the Worcester Registry, the Affidavits were not duly executed.

However, a separate document granting Rushmore POA for MTGLQ from 2014 through 2017 was recorded in the Worcester Registry at the time the Affidavits were signed and recorded. *See* (Doc. No. 8; Exhibit 8)("This Power of Attorney shall be effective commencing on May 1, 2014, and shall remain in full force and effect until the earlier of three (3) years after the date written below…").[4] Therefore, Rushmore, acting under the authority of an effective POA recorded in the Worcester Registry, complied with §§35B and 35C. The reference to a different POA not registered in the Worcester Registry does not invalidate the authority granted under a valid POA registered in the Worcester Registry. *See Clockedile v. U.S. Bank Trust, N.A.*, 189 F. Supp. 3d 312, 315 (D. Mass. 2016) (the assignment, which referenced an expired power of attorney, was not void because there was a valid power of attorney at the time of the assignment granting the defendant legal authority to foreclose). Accordingly, the foreclosure sale was not void and the Complaint fails to state a claim for Counts III and IV.[5]

### Conclusion

---

[4] As a public record, this document may be considered by the Court. *O'Rourke v. Hampshire Council of Governments*, 121 F. Supp. 3d 264, 276 (D. Mass. 2015)(official public records are an exception to the rule that courts may not consider documents "outside of the complaint, or not expressly incorporated therein")(quoting *Watterson v. Page*, 897 F. 2d 1,3 (1st Cir. 1993). "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Id.* (quoting *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014)).

[5] The Court does not take a position on the Plaintiff's argument that strict compliance with §§35B and 35C is required because the Court finds that in this case, the Defendants strictly complied with the statutes by having an effective POA recorded in the Worcester Registry at the time the signed Affidavits were recorded there.

For the reasons stated above, the Defendants Motion to Dismiss (Doc. No. 8) is granted in part, denied in part.  The Motion is ***denied*** as to Counts I and II and ***granted*** as to Counts III and IV. The Court did not consider the exhibits attached to the Memorandum in Support of Plaintiff's Opposition (Doc. No. 10) and the Defendants request that they be stricken is ***denied as moot***.

**SO ORDERED.**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
